Thurman BARKER *v.* Ruth BARKER

CA 80-387                                                    611 S.W. 2d 787
Court of Appeals of Arkansas
Opinion delivered February 18, 1981

*Ronald L. Griggs*, for appellant.

*William I. Prewett*, for appellee.

TOM GLAZE, Judge. This case arises from a post-divorce action in which the appellee filed a motion, contending appellant was in contempt of the Chancery Court's divorce decree for his failure to pay certain debts which were a part of the Court's order. The parties were divorced on April 26, 1979, and each party was directed by the Court to be responsible for various debts that they incurred during the marriage. The debts assigned to the appellant were balances owed on a 1975 Ford pickup, a 1978 Mercury and a bass boat and motor, all of which were awarded him by the Court. Appellee was a co-obligor on a bank note which represented monies borrowed for the purchase on the boat and motor. Appellee was also an employee of the bank from which the loan on the boat and motor was obtained.

On June 22, 1979, appellee filed her motion citing appellant for contempt, alleging he refused to pay the indebtedness owed on the bass boat and motor. On June 28, 1979, appellant filed a petition in bankruptcy which listed, among other debts, the obligations the Court ordered him to pay in the April 26, 1979 divorce decree. The Bankruptcy Court adjudged appellant a bankrupt and entered its order of discharge on October 5, 1979. On March 29, 1980, the Chancery Court conducted a full hearing on appellee's motion for contempt and held appellant in contempt of its prior order. The Court found that the bankruptcy order of discharge did not discharge the appellant's obligation imposed by the Chancery Court decree to hold the appellee free and harmless on the bank note signed by the parties in acquiring the boat and motor. The Court entered its order on May 12, 1980, and ordered further that appellant reimburse appellee $1,600 that she had paid on the bank note and directed that he pay appellee the amount of the future monthly payments due on the note until the note is paid in full. Appellant appeals this adverse ruling.

The appellant first argues that the debt owed on the bass boat and motor is not maintenance or alimony and is dischargeable in bankruptcy. Thus, he contends that since the debt is dischargeable in bankruptcy, the Chancery Court cannot, therefore, compel him to be responsible for the debt. During the period with which we are concerned, 11 U.S.C. § 35(a)(7) provided in substance that an obligation was not dischargeable in bankruptcy if it was for alimony or for the support of a divorced spouse or a child. Arkansas law must be resorted to in order to determine what constitutes alimony, maintenance or support. *Rule* v. *Rule*, 612 F. 2d 1098 (8th Cir. 1980) and *In Re Waller*, 494 F. 2d 447 (6th Cir. 1974). Neither appellant nor appellee cite any Arkansas cases on the issue of whether our State considers an indebtedness such as the one before us an award of alimony, maintenance or support, or merely a division of property. Of course, if the debt is a division of property, it is dischargeable in bankruptcy. *In Re Waller, supra.*

The issue presented appears to be one of first impression in Arkansas. Appellant cites and relies on the case of *Fife* v.

*Fife*, 1 Utah 2d 281, 265 P. 2d 642 (1954) wherein the Utah Supreme Court held that an order directing the husband to pay the claims of creditors on jointly acquired property awarded the wife by an annulment decree was not alimony. The Utah Supreme Court, however, in *Erickson* v. *Beardall*, 20 Utah 2d 287, 437 P. 2d 210 (1968) greatly limited any precedential value *Fife* might have had by pointing out that the case involved an annulment, where there is usually no right of support or alimony. The facts in *Erickson* are not dissimilar to those at bar. The former wife initiated a proceeding against her former husband to compel him to pay certain debt obligations that he was ordered to pay by their divorce decree. He contended that the debts were discharged in bankruptcy, and the former wife contended the debts were maintenance or support and, therefore, excepted by the bankruptcy court. The Court in *Erickson* held that the decree which required the former husband to pay the debts was support and maintenance, and in so holding stated:

> . . . it is the duty of the court to look to substance rather than to form. This is especially true where rights and responsibilities with respect to the family relationship are being dealt with. It is no less true here because this suit was initiated as a separate proceeding to enforce obligations of the divorce decree. . . . We give deference to the advantaged position and prerogatives of the trial judge as the finder of the facts; allow him considerable latitude of discretion as to the orders made; and we will not upset his judgment and substitute our own unless it clearly appears that he abused his prerogatives.

In the case at bar, the Chancellor who heard and decided the divorce between the parties is the same Chancellor who, in the post-divorce contempt proceeding, held the debt ordered paid by appellant was support or maintenance. In accordance with Ark. Stat. Ann. § 34-1211 (Repl. 1962) which was controlling at the time, the trial judge entered a divorce decree touching the alimony of the wife and care of the parties' child as the circumstances and the nature of the case reasonably warranted. The Chancellor, as reflected in the divorce decree, directed appellant to pay child support and the three debts, including that incurred on the bass boat

and motor, and he further ordered the appellee to be responsible for a debt owed on furniture. Other specific and named obligations were ordered paid out of the parties' proceeds from the sale of their home. All of these matters were correctly considered by the Chancellor under § 34-1211 above and it is logical to infer that each item assigned and made responsibilities of each party was interrelated. In fact, there was sufficient evidence in the record to show that when appellant failed to pay the bass boat and motor debt, appellee lost her job at the bank because it required her to pay the note from which appellant was discharged. The appellee was then compelled to work two jobs to meet this debt in addition to her other obligations. Moreover, the appellee, in this same post-trial contempt proceeding, is also requesting the Court to order appellant to pay an increase in child support payments so that she can make ends meet. The Chancellor, however, would not decide if appellee is entitled to an increase in child support until the issue involving the boat and motor debt is decided on appeal. Again, it is clear the Chancellor considered all awards and responsibilities set forth in the April 26, 1979, divorce decree as interrelated.

We feel there was sufficient evidence in the record for the lower court to decide the boat and motor debt was maintenance and support, and we cannot say the Chancellor's findings were clearly erroneous or against the preponderance of the evidence. Rule 52(a) of the *Arkansas Rules of Civil Procedure.*

The appellant next contends that he cannot be held in contempt of court for failure to pay an otherwise dischargeable debt. Of course, we have already held the lower court decided the boat and motor debt to be support or maintenance, and, in doing so, the debt is not dischargeable. Thus, the only remaining issue is whether the decree before the Chancellor was enforceable by way of a contempt proceeding, and, if so, whether the evidence supports the trial court's decision finding appellant in contempt. We have no hesitancy in finding in the affirmative.

Our courts of equity have the power to enforce decrees and orders for alimony and maintenance by contempt

proceedings. Ark. Stat. Ann. § 34-1212 (1979); *Thomas* v. *Thomas*, 246 Ark. 1126, 443 S.W. 2d 534 (1969). It is also settled law that before appellant can be held in contempt for failure to pay alimony or support, it must be justified only on the ground of willful disobedience of the trial court's orders. *Feazell* v. *Feazell*, 225 Ark. 611, 2845 S.W. 2d 117 (1956).

With these legal principles in mind, we must examine the record to determine if the evidence supports the Chancellor's decision that appellant was in contempt. The appellant failed to make any payments on the boat and motor debt after the divorce decree was entered. Yet, appellant admits that after the divorce, he received approximately $5,100 from the sale of a truck and the parties' home. In addition, appellant testified that he earned a salary in 1979 in excess of $19,000. In this same year, appellant filed for bankruptcy and was discharged from all his indebtedness in October, 1979. The course of events in 1979 regarding appellant's bankruptcy which transpired is significant. Appellant filed for bankruptcy one week after appellee filed action to cite him for contempt for failure to pay the boat and motor debt. The appellant also testified that he later reaffirmed his debt on his Ford pickup and his obligation to Lion Oil Credit Union, an obligation connected with his employer. The only debt appellant was ordered by the court to pay which he chooses not to liquidate is the boat and motor loan on which appellee is a co-obligor. There is substantial evidence in the record to support the trial court's decision that appellant is in contempt of its prior orders, and we affirm that decision.

The appellee requests an additional attorney's fee in connection with services rendered on this appeal, and we grant a fee in the sum of $400 plus the costs incurred on appeal.

Affirmed.

FOGLEMAN, Special Judge, joins in ths opinion.

CORBIN, J., not participating.