**In re David Gerald CROWDER, Debtor.**

**Bankruptcy No. 83–00098–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 9, 1984.

Brad Culverhouse, Fort Pierce, Fla., for debtor.

## ORDER DENYING MOTION TO REOPEN CASE

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor received a discharge on May 17, 1983 in this chapter 7 case which was closed on October 26, 1983.

On December 8, 1983, the debtor moved under 11 U.S.C. § 350(b) that the case be reopened to void a State court judgment for $2,725 against the debtor upon a December 29, 1982, pre-bankruptcy divorce judgment confirming a marital settlement agreement. The debtor asserts that the debt recently reduced to judgment was discharged on May 17, 1983.

The debtor also wants to seek an injunction against his ex-wife, the State court judge, the court clerk and the Sheriff charged with responsibility to execute the State court judgment.

The motion was heard on January 3. Because the debtor would be entitled to no relief in this court, assuming the allegations contained in his motion, if this case were reopened, the motion to reopen the case is denied.

The marital settlement agreement obligated, inter alia, the debtor/husband to assume and pay certain joint marital obligations. The debtor concedes and the State court found that the debtor had defaulted on this obligation in the amount for which judgment was entered.

Although the marital settlement agreement also obligated the debtor/husband to provide child support for a minor child, it is not suggested that the debtor defaulted on this obligation. The marital settlement agreement explicitly waived alimony, maintenance and support for the spouse. The State court judgment in question recites that:

"Contempt powers of the Court cannot be used to collect debts as between the parties but only to collect child support, alimony, attorney fees and suit costs. It is therefore ORDERED and ADJUDGED as follows: 1. The Petitioner's Motion for Contempt is denied."

It is clear, therefore, that the State court did not conclude that the debtor's defaulted obligation to his wife was for alimony, maintenance or support of the wife or child, the only marital obligations excepted from discharge in bankruptcy under 11 U.S.C. § 523(a)(5).

The State court judgment further recites that:

"The Husband waived any rights he had under the bankruptcy act in the Property Settlement Agreement entered into by and between the parties .... The Court enters a common law judgment against the Respondent, DAVID GERALD CROWDER in the amount of $2,725.73 for which let execution issued."

The debtor asserts that he opposed entry of the judgment and objected to the proceedings upon the ground that the debt had been discharged in bankruptcy and upon the ground that the bankruptcy court had exclusive jurisdiction to determine dischargeability of the debt. It is clear, therefore, that the State court heard the parties and decided the issue, which the debtor wishes to present here, upon the sole ground that the debtor waived any rights he had under the bankruptcy act in the marital settlement agreement. That agreement expressly provided:

"The obligations of this Agreement shall not be subject to discharge in bankruptcy."

■ This court's exclusive jurisdiction with respect to the determination of dischargeability of debts through bankruptcy is restricted to those debts specified in § 523(a)(2), (4), or (6), none of which is applicable here. § 523(c). The debt in question here is excepted from discharge, if at all, only under the provisions of § 523(a)(5), therefore, its dischargeability presents an issue as to which the bankruptcy court and the State court have concurrent jurisdiction. As stated in *Collier on Bankruptcy* (15th ed.) ¶ 523.15(6):

"Such claims in section 523(a)(5) are, therefore, of the type over which the bankruptcy court has concurrent jurisdic-

tion and not exclusive jurisdiction to determine their dischargeable character."

The State court, therefore, had concurrent jurisdiction with this court to enter its judgment of November 22, 1983. It had the parties before it. It exercised that judgment before any such relief was sought in this court. Because the debtor had received a discharge and because the bankruptcy case had been closed, the automatic stay provided by § 362(a) was no longer in effect. § 362(c)(2). The State court judgment cannot, therefore, be disregarded or set aside as a nullity.

■ The State court's reliance upon a pre-bankruptcy waiver of the debtor's federal statutory right to discharge a debt is an obviously erroneous ruling, or so it would appear. *Fallick v. Kehr,* 369 F.2d 899, 904 (2nd Cir.1966); *In re Tru Block Concrete Products, Inc.,* 27 B.R. 486, 492 (Bkrtcy.S.D.Cal.1983); see § 524(a)(1) and (c); compare § 727(a)(10). However, the debtor's remedy for an erroneous ruling is or was an appeal to the appropriate State court, not a collateral attack on the State court judgment in this court.

The debtor relies upon *In re Williams,* 3 B.R. 401 (Bkrtcy.N.D.Ga.1980) in which a colleague held that a State court divorce decree and judgment (entered the same day the bankruptcy petition was filed):

"declaring that the sum of money awarded by the aforementioned Final Judgment and Decree was not alimony but was maintenance and support and thus not dischargeable in bankruptcy."

was not res judicata and, therefore, did not preclude the bankruptcy court from retrying that issue and entering judgment that the debt in question was dischargeable in bankruptcy. My distinguished colleague relied upon *Brown v. Felsen,* 442 U.S. 127, 135–136, 99 S.Ct. 2205, 2211–2212, 60 L.Ed.2d 767 (1979), in which the Supreme Court noted that the prior Bankruptcy Act vested exclusive jurisdiction in this court to determine dischargeability under § 17a(2) and (4) of the Act, similar to § 523(a)(2) and (4) of the Code. As my colleague has recognized, the present Code does not give

**56**

this court exclusive jurisdiction. Judge Drake concluded that the State court's determination in a contempt proceeding rather than a proceeding specifically filed to determine dischargeability deprived the State court determination of any effect.

"The jurisdiction of the State Courts and the Bankruptcy Court is concurrent as to civil proceedings arising in or related to cases under Title 11 including complaints to determine the dischargeability of debts alleged to be in the nature of alimony, maintenance or support. 28 U.S.C. § 1471(b). It is clear that the Superior Court has the jurisdiction to determine the dischargeability of this type of debt in a civil proceeding held for that purpose. However, the evidence indicates that the Order of the Superior Court concerning the dischargeability of this debt was issued as a collateral matter in a contempt proceeding rather than specifically in a proceeding to determine dischargeability."

I do not believe that the nature of the proceeding in the State court could or should be decisive. Until and unless this court is vested with exclusive jurisdiction to determine the dischargeability of a debt owed by one spouse to another under § 523(a)(5), such a determination made by a State court constitutes res judicata under the present Code. Neither the holding nor the rationale of *Brown v. Felsen,* is applicable here. *In re Peterman,* 5 B.R. 687 (Bkrtcy.E.D.Pa.1980).

For the foregoing reason, the motion to reopen this bankruptcy case is denied.