JAMES E. NUELLEN, Plaintiff-Appellant, *v.* JAMES LAWSON, Defendant-Appellee.

First District (4th Division)   No. 83—673

Opinion filed March 29, 1984.

James Nuellen, of Cicero, for appellant, *pro se.*

Frank M. Howard, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, James Nuellen, appeals an order of the circuit court of Cook County dismissing his complaint for attorney fees claimed due from defendant, James Lawson. The sole issue presented for review is whether attorney fees incurred in the course of a proceeding to enforce an award of child support are dischargeable in bankruptcy.

We reverse and remand.

On August 20, 1982, plaintiff filed a complaint against defendant alleging the following: (1) on September 9, 1981, plaintiff filed a petition for a rule to show cause why defendant should not be held in contempt of court for failure to pay child support to his ex-wife, Kathleen Lawson; (2) on February 8, 1982, the trial court ordered defendant to pay to plaintiff attorney fees of $900, at $100 per month or $25 per week; and (3) to date, defendant has refused to pay.

Defendant moved to dismiss the complaint on the grounds that the debt had been discharged in bankruptcy. In an affidavit, defendant asserted that he had given notice to plaintiff that he had until May 10, 1982, to file objections as one of his creditors in the bankruptcy proceedings. On February 14, 1983, the trial court granted defend-

ant's motion and plaintiff's complaint was dismissed. Plaintiff appeals.

The purpose of the Bankruptcy Act is "to convert the assets of the bankrupt into cash for distribution among creditors and then to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." (*Williams v. United States Fidelity & Guaranty Co.* (1915), 236 U.S. 549, 554-55, 59 L. Ed. 713, 716, 35 S. Ct. 289, 290.) Congress modernized the bankruptcy law by enacting the Bankruptcy Act of 1978 (11 U.S.C.A. sec. 101 *et seq.* (1979)) (hereinafter the Act). The Act provides for certain exemptions to the general rule of discharge. Section 523(a)(5) provides that an individual debtor is not discharged from any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ***." 11 U.S.C.A. sec. 523(a)(5) (1979).

The precise issue presented here for review is whether attorney fees incurred to enforce an order of child support and payable by the bankrupt directly to the attorney are exceptions to discharge under section 523(a)(5).

Prior to the 1978 Act, under Illinois law, attorney fees awarded in a divorce action were in the nature of alimony and were not dischargeable in bankruptcy. (*Morrey v. Morrey* (1974), 24 Ill. App. 3d 77, 79, 320 N.E.2d 503, 505.) Under the new bankruptcy statute, whether a debt is nondischargeable as being in the nature of alimony, maintenance or support is a matter of Federal, not State law. State law may be used to develop Federal standards or to ascertain the incidents or nature of the debt to determine whether it fits within the exception. Federal and State courts have concurrent jurisdiction to determine whether debts are nondischargeable under section 523(a)(5) of the Act. (*In re Marriage of Lytle* (1982), 105 Ill. App. 3d 1095, 1099, 435 N.E.2d 522, 526.) The court must look to the substance of the obligation to determine whether it is in the nature of alimony or maintenance, or whether it constitutes a division of property. Among the factors the court must consider is whether the obligation relates to the support of children. *In re Abitua* (N.D. Ill. 1982), 18 Bankr. 674, 676.

In the instant case, the attorney fees clearly relate to the sup-

port of children. Plaintiff represented defendant's former wife in her attempt to enforce a prior order of child support. If the court had not assessed fees against defendant and plaintiff's client had to pay the fees, it is reasonable to infer that she might have had less funds for their children's support. Thus, we conclude that attorney fees incurred in the course of a proceeding to enforce an award of child support are not dischargeable in bankruptcy.

This conclusion is in harmony with the general principle applied by the bankruptcy court for the Northern District of Illinois that where attorney fees awarded in a divorce proceeding are in the nature of alimony, maintenance or support, they are not dischargeable in bankruptcy. (See *Richards v. Loncar* (N.D. Ill. 1981), 14 Bankr. 276; *In re Tilmon* (N.D. Ill. 1981), 9 Bankr. 979; *In re Wells* (N.D. Ill. 1981), 8 Bankr. 189; *In re Pelikant* (N.D. Ill. 1980), 5 Bankr. 404.) We note that the bankruptcy court has held that attorney fees are not dischargeable even though they are paid directly to the attorney rather than to the spouse. *Richards v. Loncar* (N.D. Ill. 1981), 14 Bankr. 276, 279; *In re Wells* (N.D. Ill. 1981), 8 Bankr. 189, 193; *In re Pelikant* (N.D. Ill. 1980), 5 Bankr. 404, 408; see 11 U.S.C.A. sec. 523(a)(5)(A) (1979).

For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded with instructions that the complaint be reinstated.

Reversed and remanded.

LINN, P.J., and JIGANTI, J., concur.