**In the Matter of Ronald Barry COPPI, Jane Bertha Coppi, Debtors.**

**Bankruptcy No. 80–1579–C.**

United States Bankruptcy Court,
S.D. Iowa.

June 1, 1987.

Dennis J. Kirkwood, Melio A. Tonini, Des Moines, Iowa, for debtors.

Garold F. Heslinga, Oskaloosa, Iowa, for John Coster.

David A. Erickson, West Des Moines, Iowa, trustee.

## MEMORANDUM OF DECISION AND ORDER

LEE M. JACKWIG, Bankruptcy Judge.

On February 25, 1987 a motion to reopen the above-entitled case filed by the debtors on December 12, 1986 came on for hearing before this court in Des Moines, Iowa. Melio A. Tonini and Dennis J. Kirkwood appeared on behalf of the debtors. The debtors seek to reopen their case for the purpose of filing an adversary proceeding to enjoin the collection of a debt.

The debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 26, 1980. At the time of filing, Ronald Barry Coppi was indebted to one John Coster. However, John Coster was not listed as a creditor on the schedules attached to the petition in bankruptcy. Discharge was entered on February 10, 1981 and the case was closed on October 13, 1982.

On or about April 1, 1985, John Coster filed a lawsuit in the Iowa District Court for Polk County claiming that Ronald Coppi was indebted to him in the amount of $93,000.00. For his answer to the petition Ronald Coppi asserted that any obligation to the plaintiff had been discharged in bankruptcy. The case went to trial on October 1, 1986 and a judgment was entered against Ronald Coppi in the amount of $86,000.00 plus interest. The debtor, Ronald Coppi, has appealed this ruling to the Supreme Court of Iowa.

In support of their motion to reopen, the debtors assert that John Coster had notice or actual knowledge of the bankruptcy proceeding in time to file a proof of

claim. The debtors do not seek to reopen their case to add this creditor to the schedules. Rather the debtors contend that the debt has been discharged due to the creditor's actual knowledge of the bankruptcy proceeding and they now seek to enjoin collection on the judgment obtained in state court.

The provisions of 11 U.S.C. section 350(b) state:

> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

*See also* R.Bankr.P. 5010 and 9024 (which exempts motions to reopen from the one year limitation of Fed.R.Civ.P. 60(b)). The decision whether or not to reopen a closed case lies within the sound discretion of the bankruptcy court. *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326–327 (4th Cir.1984); *In re Blossom*, 57 B.R. 285, 287 (Bankr.N.D.Ohio 1986). That decision in the instant case requires the consideration of debtors' assertion that the unscheduled debt in question was discharged.

The failure to properly schedule a creditor will ordinarily result in that debt being excepted from discharge. Section 523(a)(3) of the Code provides:

> (a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determi-

nation of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

The debtors argue the debt owed to John Coster was discharged under section 523(a)(3)(A) [1] because John Coster had actual knowledge of the case. Therefore, the debtors contend that the state court's ruling in favor of the creditor was in error.

■ It is well established that the bankruptcy court has concurrent, rather than exclusive, jurisdiction over dischargeability questions under section 523(a)(3). *In re Tinnenberg*, 57 B.R. 430, 432 (Bankr.E.D. N.Y.1985); *In re Rediker*, 25 B.R. 71, 74 (Bankr.M.D.Tenn.1982); *In re Iannacone*, 21 B.R. 153, 155 (Bankr.Mass.1982); *In re McNeil*, 13 B.R. 743, 747 (Bankr.S.D.N.Y. 1981); *compare* section 523(a)(2), (4) or (6) (where bankruptcy court is granted exclusive jurisdiction). Thus, a creditor may bring suit in a court other than the bankruptcy court on a debt which is excepted from discharge under section 523(a)(3), and the local court may determine the question of dischargeability. 3 *Collier on Bankruptcy*, ¶ 523.13[9] at 523–87 (15th ed. 1986).

■ When John Coster brought suit in state court and the debtor answered and asserted the discharge in bankruptcy, the state court became the proper forum to determine the dischargeability issue. *See In re Tinnenberg*, 57 B.R. at 432; *In re McNeil*, 13 B.R. at 747. The debtors did not seek to reopen their bankruptcy case at that time. Rather, the parties tried the case before the state court judge and undoubtedly presented their arguments with regard to notice or knowledge of the bankruptcy case. It was not until a judgment was rendered in favor of the creditor that the debtors moved this court to reopen their case.

It is apparent that the debtors now desire to relitigate the issue of dischargeabili-

---

**1.** The debtors do not contend that the debt in question was of a kind specified in section 523(a)(2), (4), or (6).

ty and effectively overturn the state court ruling in a bankruptcy forum. Such grounds are insufficient to "accord relief" or to constitute "cause" for reopening this case under section 350(b). *In re Iannacone,* 21 B.R. at 155; *In re McNeil,* 13 B.R. at 747; *but see, In re Rediker,* 25 B.R. 71, 74 (Bankr.M.D.Tenn.1982). Moreover, considerable time and effort has been expended by the parties thus far. *In re Blossom,* 57 B.R. 285, 287 (Bankr.N.D.Ohio 1986). The state court properly exercised its jurisdiction in this matter and its judgment will not be disregarded or set aside as a nullity. *In re Crowder,* 37 B.R. 53, 55 (Bankr.S.D. Fla.1984). This court will, likewise, not comment on the correctness of that judgment. The debtors' remedy for an alleged erroneous ruling is an appeal to the appropriate state court, not a collateral attack on the state court judgment in this court. *Id.*

THEREFORE, based on the foregoing analysis, the debtors' motion to reopen this bankruptcy case is hereby denied.