In re MARRIAGE OF VALERIE J. ROWDEN, Petitioner-Appellee, and DAVID L. ROWDEN, Respondent-Appellant.

Third District No. 3—87—0250

Opinion filed December 10, 1987.

Chester C. Fuller, of Peoria, for appellant.

Ronald L. Hamm, of Hamm & Hanna, Ltd., of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The respondent, David L. Rowden (the husband), appeals from a trial court order finding him in contempt for failing to make certain payments pursuant to the judgment dissolving his marriage to the petitioner, Valerie J. Rowden (the wife). We affirm.

On September 27, 1985, the circuit court entered a judgment dissolving the parties' marriage of 22 years. The relevant portion of that judgment provided:

> "E. That the defendant shall pay all debts incurred during the marriage prior to this date including all money owed to the Construction Equipment Credit Union on the 1984 Mercury Cougar awarded to the Plaintiff herein in lieu of maintenance to the Plaintiff and shall save the Plaintiff harmless in connection with all marital debts.
>
> * * *
>
> Q. That any right, claim, demand or interest of the parties in and to maintenance for themselves, whether past, present or future, and in and to the property of the other, whether real, personal or mixed, of whatsoever kind and nature and wheresoever situated, including, but not limited by homestead, succession and inheritance, arising out of the marital relationship or other relationship existing between the parties hereto, is forever barred and terminated excepting the fact that the Defendant is to pay the marital indebtedness in lieu of maintenance to the Plaintiff."

On December 21, 1985, the wife remarried. On April 17, 1986, the husband filed for voluntary bankruptcy under chapter 7 of the Bankruptcy Code (the Code). (11 U.S.C. §701 *et seq.* (Supp. IV 1986).) The

wife subsequently intervened, contesting the dischargeability of the credit union car loan (the loan). On November 19, 1986, the bankruptcy court entered an order deferring to the State court on the question of whether the wife's remarriage terminated the husband's obligation to pay the loan.

On December 5, 1986, the wife filed a petition for a rule to show cause why the husband should not be found in contempt for failure to pay the loan. In its decision on the rule to show cause, the trial court first found that the husband's obligation to pay the marital debts was an apportionment of property in lieu of maintenance and did not terminate upon the wife's remarriage. The trial court then found that the husband's obligation to assume the marital debts and hold the wife harmless was not merely a division of property but rather was intended to be "in the nature of maintenance." The court reasoned that the judgment expressly stated that the assumption of the debts was in lieu of maintenance, and that given the parties' respective jobs at the time of the dissolution, the wife would have been entitled to maintenance had she sought it.

■ On appeal, the husband's first argument is that the trial court erred in finding that the loan was a nonterminable property settlement. The husband argues that the loan obligation was actually periodic maintenance which terminated upon the wife's remarriage.

Three spouse support payment methods are relevant here. The first method is periodic maintenance, an allowance carved out of the husband's estate, for the support of the wife. (*Adler v. Adler* (1940), 373 Ill. 361, 26 N.E.2d 504.) The payments under periodic maintenance are for an indefinite period of time and usually for an indefinite amount. As such, the payments may be changed or terminated upon a change in circumstances of either spouse. (*Ihle v. Ihle* (1981), 92 Ill. App. 3d 893, 416 N.E.2d 366.) Pursuant to section 510(b) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 510(b)), unless otherwise agreed upon by the parties or approved by the court, the obligation to pay maintenance terminates upon the remarriage of the spouse receiving the maintenance.

The second payment method is maintenance in gross, defined as a fixed sum of money, payable in installments for a fixed length of time. (*In re Marriage of Mass* (1981), 102 Ill. App. 3d 984, 431 N.E.2d 1.) An award of maintenance in gross is nonmodifiable even if the recipient spouse remarries. *In re Marriage of Smith* (1986), 150 Ill. App. 3d 34, 501 N.E.2d 1323.

The third method of payment is the property settlement in lieu of maintenance. It consists of a lump sum, often payable in installments,

passing between the parties in consideration for the release of their marital rights, including periodic maintenance. (*Ihle v. Ihle* (1981), 92 Ill. App. 3d 893, 416 N.E.2d 366.) A property settlement in lieu of maintenance is nonmodifiable. *Ihle*, 92 Ill. App. 3d at 895.

The source of obligation of periodic maintenance and maintenance in gross derives from the legal duty of one spouse to support the other. (*Ihle*, 92 Ill. App. 3d at 895.) This obligation is distinguishable from a property settlement in lieu of maintenance, where a spouse receives an award in exchange for all marital rights, including the right to support, inheritance rights and any rights to property held in the other spouse's name. *In re Marriage of Mass* (1981), 102 Ill. App. 3d 984, 431 N.E.2d 1.

We find that the order that the husband assume the car loan payments was in the nature of a property settlement in lieu of maintenance. It therefore did not terminate when the wife remarried.

In so finding, we note several factors. First, the judgment provided that the husband would pay the loan according to its current schedule. Thus, while the judgment did not expressly state the amount or duration of the loan, it appears that the loan was for a specific sum to be paid over a specific period of time. Second, the judgment provided that except for the husband's payment of the marital debts, each party would surrender all claims to maintenance and all claims to the property of the other spouse. Third, section 503(d)(9) of the Act permits a court to divide marital property giving consideration to whether the apportionment is in lieu of maintenance. (Ill. Rev. Stat. 1985, ch. 40, par. 503(d)(9).) Finally, contrary to the husband's assertions, neither the label attached nor the method of payment prescribed in the judgment conclusively determines the nature of the instant award. *Jacobson v. Jacobson* (1964), 50 Ill. App. 2d 244, 200 N.E.2d 379.

Although not raised by the husband, the next issue confronting this court is whether the husband's filing for bankruptcy discharged his obligation to pay the loan.

An indebtedness to a former spouse for alimony, maintenance or support of the spouse or children in a divorce decree or property settlement is not dischargeable in bankruptcy. (11 U.S.C. §523(a)(5) (Supp. II 1984).) However, an indebtedness award that merely divides the marital property is dischargeable. (*In re Maitlen* (7th Cir. 1981), 658 F.2d 466.) Whether a debt is nondischargeable as being in the nature of alimony, maintenance or support is a matter of Federal, not State, law. (*In re Marriage of Lytle* (1982), 105 Ill. App. 3d 1095, 435 N.E.2d 522.) The label placed on the decree and the language of the decree do not control the issue of dischargeability. Rather, the court must look to

the substance of the decree to determine the essential character of the obligation. (*Lytle*, 105 Ill. App. 3d at 1100.) Debt payments in the nature of support need not be made directly to the spouse to be nondischargeable. *In re Calhoun* (6th Cir. 1983), 715 F.2d 1103.

In *Lytle*, the Second District examined a number of Federal bankruptcy cases and determined four circumstances where bankruptcy courts were more likely to find a debt dischargeable. The four circumstances are: (1) where the debt assumption is over and above what is necessary for maintenance and support of the spouse and any children; (2) where at the time of the decree the spouse to whom the debt is owed was young, healthy, employed and without dependents; (3) where each spouse assumes considerable responsibility for servicing debts on the marital property; and (4) where the obligation assumed does not terminate on the death or remarriage of the obligee spouse.

■ From the above criteria, we find that under Federal law the loan was not dischargeable. At the time of the decree, the husband earned a gross yearly income of approximately $28,000 as an iron pourer. The wife was employed as a secretary but her income was not stated. The wife received no maintenance and only received $100 per week in child support for the two minor children in her custody. The wife needed a car to maintain her job, assist in her custodial duties concerning the children, and for such responsibilities as grocery shopping and medical emergencies. The assumption of the loan was not over and above what was needed to support the wife and the children. Next, although at the time of the entry of the judgment the wife was 41 years old and employed, she had custody of two dependents. Further, the husband assumed responsibility to service all of the marital debts.

Considering these factors, and despite the fact that we have found that under Illinois law the loan obligation did not terminate on the wife's remarriage, we find that under Federal bankruptcy law the instant car loan was "in the nature of maintenance." Consequently, the loan was nondischargeable.

The husband's final argument is that the trial court erred in denying his motion to modify the loan payments on the wife's car. However, we have previously determined that under Illinois law, the loan was a nonmodifiable property settlement. Therefore, we find no error.

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BARRY, P.J., and HEIPLE, J., concur.