In re Robert GALBREATH and Dorothy Galbreath, Debtor(s).

Robert GALBREATH and Dorothy Galbreath, Plaintiff(s),

v.

ILLINOIS DEPARTMENT OF REVENUE, Defendant(s).

Bankruptcy No. BK 84–50129. Adv. No. 86–0243.

United States Bankruptcy Court, S.D. Illinois.

March 11, 1988.

Norman R. Lawrence, Aurora, Ill., for plaintiffs.

Gale P. Stipes, Asst. Atty. Gen., State of Ill., E. St. Louis, Ill., for defendant.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on a motion for summary judgment filed by the Illinois Department of Revenue ("Department") against Robert and Dorothy Galbreath ("debtors"). Following debtors' discharge in bankruptcy under Chapter 7, the Department brought suit in state court to collect unpaid retailers' occupation taxes owed by debtors pursuant to Illinois statute. The state court found debtors' tax liabilities to be nondischargeable under federal bankruptcy law and entered judgment against debtors for the amount of unpaid taxes claimed by the Department. Debtors then filed a "motion for injunction and rule to show cause" in this Court to enjoin the Department from proceeding against them in the state court action. The Department filed the instant motion for summary judgment asserting, *inter alia,* that the state court's judgment entered pursuant to its concurrent jurisdiction with this Court was entitled to full faith and credit and that debtors' motion seeking to enjoin the state court action should be denied.

It is undisputed that debtors, on August 14, 1984, were discharged from bankruptcy in their Chapter 7 proceeding. While the tax liabilities in issue were listed in debtors' bankruptcy petition, neither the Department nor debtors sought a determination of dischargeability as to these liabilities, and the Department did not file a claim in the bankruptcy proceeding. Following debtors' discharge, the Department filed a complaint in state court to collect unpaid Illinois Retailers' Occupation Tax (Ill.Rev.Stat., ch. 120, par. 440 *et seq.*), Municipal Retailers' Occupation Tax (Ill.Rev. Stat., ch. 24, par. 8–11–1), and Regional Transportation Authority Retailers' Occupation Tax (Ill.Rev.Stat., ch. 111⅔, par. 704.03) owed by debtors.

Debtors filed a motion in the state court to dismiss the Department's action, alleging that the tax liabilities in question had been discharged in the prior bankruptcy proceeding. The Department objected on the basis that debtors' tax liabilities were nondischargeable under § 523(a)(1)(B)(i), which excepts from discharge tax debts for which no return was filed. The state court, on April 4, 1986, entered an order denying debtors' motion, finding that debtors' tax liabilities were nondischargeable under § 523 of the Bankruptcy Code because of debtors' failure to file the required returns and pay taxes when due. *See* 11 U.S.C. § 523(a)(1)(B)(i). On August 18, 1986, the state court entered judgment on the pleadings for the Department in the amount of $32,646.21 plus interest.

On August 19, 1986, one day after the state court had entered final judgment, debtors filed the instant "motion for injunction and rule to show cause" in this Court to enjoin the Department from proceeding further against them in state court. The Department then moved for summary judgment, asserting that the state court had concurrent jurisdiction with this Court to determine dischargeability of the tax liabilities at issue and that, since no determination of dischargeability had been made in debtors' earlier bankruptcy proceeding, the state court properly exercised its jurisdiction in entering final judgment for the Department.

The state court's jurisdiction to determine dischargeability of debts under § 523 depends on the nature of the debt in question. While the bankruptcy court has exclusive jurisdiction to determine dischargeability of debts that arise out of fraud or willful and malicious injury (*see* 11 U.S.C. §§ 523(a)(2), (4) and (6)), the Department's objection to discharge of debtors' tax liabilities arose under § 523(a)(1). Section 523(a)(1) excepts from discharge under Chapter 7 certain tax debts, including those "with respect to which a return, if re-

quired, was not filed[.]" 11 U.S.C. § 523(a)(1)(B)(i).

Unlike dischargeability questions under §§ 523(a)(2), (4) and (6), dischargeability questions under § 523(a)(1) are of the type over which the bankruptcy court has concurrent, but not exclusive, jurisdiction. 3 *Collier on Bankruptcy*, § 523.06, at 523–36 (15th ed. 1987). While a creditor seeking a determination of nondischargeability of its debt under §§ 523(a)(2), (4) and (6) must file an objection to discharge in the bankruptcy court or have its debt discharged (*see* 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c)), a creditor with a type of debt listed as nondischargeable under §§ 523(a)(1), (3), (5), (7), (8) or (9) may wait until the conclusion of the bankruptcy proceeding and then bring suit on its claim in the appropriate nonbankruptcy forum. *See* Advisory Committee Note, Bankruptcy Rule 4007, Norton Bankr. L. & Prac., at 267–68 (1987); R. Ginsberg, *Bankruptcy*, Prentice Hall Information Services, § 12,653 (1986).

■ Under Bankruptcy Rule 4007(a), the debtor, as well as any creditor, may file a complaint in the bankruptcy court to obtain a determination of dischargeability. Thus, the debtor may seek a determination that a particular debt is dischargeable to avoid the possibility of an enforcement action in the state court following the bankruptcy proceeding. In addition, since, under Bankruptcy Rule 4007(b), there is no time limit for seeking a determination of dischargeability as to debts other than those of § 523(a)(2), (4) and (6), the debtor retains the right to remove a subsequent proceeding brought in a nonbankruptcy court, if no determination of dischargeability has been made in the previous bankruptcy proceeding. 8 *Colliers on Bankruptcy*, § 4007.03, at 4007–6 (15th ed. 1987). If, however, the debtor has neither sought a determination of dischargeability in the bankruptcy proceeding nor acted to have the subsequent enforcement proceeding removed to bankruptcy court, the nonbankruptcy court has jurisdiction to decide the dischargeability of such debts at the creditor's behest once the automatic stay has terminated upon conclusion of the bankruptcy proceeding. *Id.*

■ In the instant case, there had been no prior determination of dischargeability in debtors' bankruptcy proceeding, as neither debtors nor the Department sought such a determination. While debtors assert that they did, in fact, raise the issue of dischargeability by listing the Department as a creditor in their bankruptcy petition, Bankruptcy Rules 4007 and 7001(6) specifically require that any request to determine dischargeability take the form of an adversary proceeding. *See* 9 *Collier on Bankruptcy*, § 7001.09, at 7001–21 (15th ed. 1987). Debtors here filed no complaint to determine dischargeability in their prior bankruptcy proceeding, and they thus failed to raise the issue of dischargeability in that proceeding.

■ Debtors additionally argue that although the state court may have had concurrent jurisdiction to make the determination of dischargeability, it was not "final" jurisdiction and the bankruptcy court could ultimately reclaim exclusive jurisdiction. As noted above, a debtor who has not obtained a determination of dischargeability in bankruptcy court retains the right to remove a subsequent state court enforcement proceeding to the bankruptcy court for that purpose. *See* 28 U.S.C. § 1452(a). In the instant case, debtors made no attempt to remove the state court action while it was pending and have only now, after entry of final judgment in the state court, sought to invoke the jurisdiction of this Court.

The state court had authority to enter final judgment in the Department's enforcement action by reason of its concurrent jurisdiction to determine dischargeability of debts under § 523(a)(1), and this Court will neither set that judgment aside nor consider the correctness of the state court's determination. Debtors' remedy for an alleged erroneous ruling is an appeal to the appropriate state court, not a collateral attack on the state court judgment in this Court. *See Matter of Coppi*, 75 B.R. 81 (Bankr.S.D.Iowa 1987). Debtors' attempt to obtain a determination of dis-

chargeability in this Court has come too late, and this Court must give full faith and credit to the state court's judgment. *See* 28 U.S.C. § 1738. Accordingly, the Department's motion for summary judgment will be granted and debtors' "motion for injunction and rule to show cause" will be denied.

IT IS ORDERED that the Department's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that debtors' "motion for injunction and rule to show cause" is DENIED.