SANDRA KING LONG v. PHILLIP ARTHUR LONG

No. 9020DC679

(Filed 5 March 1991)

**1. Judgments § 2 (NCI3d)— nunc pro tunc order ineffective**

The trial court's attempt on 6 April 1990 to enter an order *nunc pro tunc* to 17 October 1988 was ineffective where judgment was not rendered on 17 October 1988 in that the trial court did not announce its judgment in open court, and there was nothing in the record to indicate that the delay of nearly eighteen months in entering the order was in consequence of accident or mistake or neglect of the clerk.

**Am Jur 2d, Judgments §§ 187, 196.**

**2. Bankruptcy and Insolvency § 12 (NCI4th)— contractual alimony—discharge in bankruptcy—jurisdiction of trial court**

The trial court had jurisdiction to decide whether defendant's bankruptcy discharged his contractual obligation to pay alimony where the parties have neither sought a determination of dischargeability in the bankruptcy proceeding nor acted to have the alimony enforcement proceeding removed to the bankruptcy court.

**Am Jur 2d, Bankruptcy § 801.**

**3. Bankruptcy and Insolvency § 12 (NCI4th)— debts in nature of alimony or support—discharge in bankruptcy precluded**

11 U.S.C. § 523(a)(5) precludes a discharge in bankruptcy of debts to a spouse or child which are actually "in the nature of alimony, maintenance or support."

**Bankruptcy §§ 72, 801, 802.**

**Debts for alimony, maintenance, and support as exceptions to bankruptcy discharge, under sec. 523(a)(5) of Bankruptcy Code of 1978 (11 USCS sec. 523(a)(5) ). 69 ALR Fed 403.**

**4. Bankruptcy and Insolvency § 12 (NCI4th)— support or alimony obligation—federal bankruptcy question**

Whether an obligation is in the nature of support or alimony is a federal bankruptcy rather than a state law question whether the court hearing the matter is a federal or a state court.

**Am Jur 2d, Bankruptcy § 802.**

**LONG v. LONG**

[102 N.C. App. 18 (1991)]

5. **Bankruptcy and Insolvency § 12 (NCI4th)— divorce settlement—obligation in nature of alimony or support—intent of parties**

   Whether an obligation contained in a divorce settlement agreement is actually in the nature of alimony, maintenance or support depends on the intent of the parties at the time the agreement was executed. If the parties intended that an obligation in the agreement was to be in the nature of alimony, maintenance or support rather than a property settlement, the debtor's obligation under the agreement is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(5).

   **Am Jur 2d, Bankruptcy § 802.**

6. **Bankruptcy and Insolvency § 12 (NCI4th)— nondischargeable debt—burden of proof**

   The party seeking to have an obligation in a divorce settlement agreement declared a nondischargeable debt in bankruptcy has the burden of proving the intent of the parties by a preponderance of the evidence.

   **Am Jur 2d, Bankruptcy § 802.**

7. **Bankruptcy and Insolvency § 12 (NCI4th)— contractual alimony—discharge in bankruptcy—intent of parties—remand for evidentiary hearing**

   Plaintiff's action for specific performance of the alimony provision of a separation and property settlement agreement is remanded for an evidentiary hearing to determine whether the parties intended for this obligation to be "in the nature of alimony, maintenance or support" rather than a property settlement and thus whether defendant husband's Chapter 7 bankruptcy discharged this obligation.

   **Am Jur 2d, Bankruptcy § 802.**

8. **Divorce and Separation § 185 (NCI4th)— contractual alimony—failure to file claim before divorce**

   Plaintiff's failure to file a claim for alimony before divorce did not bar enforcement of a contractual alimony obligation contained in a separation agreement.

   **Am Jur 2d, Divorce and Separation §§ 856, 858.**

   Judge COZORT concurring in part and dissenting in part.

LONG v. LONG

[102 N.C. App. 18 (1991)]

APPEAL by plaintiff from order filed 6 April 1990 in UNION County District Court by *Judge Donald R. Huffman*. Heard in the Court of Appeals 23 January 1991.

*A. Marshall Basinger, II, for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals the granting of defendant's motion to dismiss the complaint, which order was filed 6 April 1990, and the trial court's denial of the plaintiff's motion for summary judgment.

In this civil action, plaintiff seeks to specifically enforce a provision of a "SEPARATION AGREEMENT AND PROPERTY SETTLE-MENT" (Agreement) dated 2 April 1987 labelled "ALIMONY" which required defendant to pay plaintiff the sum of $500.00 each month beginning 15 March 1987 and continuing "for each month thereafter. . . ." The Agreement provided for monthly payments to the wife of $500.00 each month, settled the plaintiff's interest in the defendant's business, distributed the personal properties and the debts between the parties, and disposed of all equitable distribution claims. The complaint alleges that the defendant paid the "ALIMONY" through February 1988 but that "such payments do not appear to be forthcoming in the future."

The evidence before the trial court by virtue of attachments to pleadings or motions included the parties' Agreement, a divorce judgment filed 1 March 1988 dissolving the marriage of the plaintiff and defendant, the answer of this plaintiff (this plaintiff was the defendant in the divorce action) to the divorce complaint which did not include a claim for alimony, the plaintiff's affidavit submitted along with her summary judgment motion, and a bankruptcy order filed 4 February 1988 discharging the defendant. The bankruptcy order provided in pertinent part:

It appearing from the record that . . . [Phillip Arthur Long] is entitled to a discharge [under Chapter 7], IT IS ORDERED:

1. . . . [Phillip Arthur Long] is released from all personal liability for debts existing on . . . [27 October 1987], or deemed to have existed on such date pursuant to Section 348(d) of the Bankruptcy Code (Title 11, United States Code).

2. Any existing judgment or any judgment which may be obtained in any court with respect to debts described in paragraph 1 is null and void as a determination of personal liability of the debtor, except:

    a. Debts determined nondischargeable by the Bankruptcy Court pursuant to Section 523(a)(2), (4), and (6) of the Bankruptcy Code; and

    b. Debts which are nondischargeable pursuant to Section 523(1), (3), (5), (7), (8), and (9) of the Bankruptcy Code.

The defendant's motion to dismiss was heard by the trial court on 17 October 1988, at which time no ruling was announced by the court. On 6 April 1990, an order was filed which provided in pertinent part:

    . . . .

    2. Defendant's Motion to Dismiss should be granted on the grounds that: (a.) At the time of the parties [sic] divorce in file #88 CVD 20, the defendant had failed to file a counterclaim for alimony and failed to file sufficient allegations to constitute a claim for the same relief demanded herein; . . . (d) Phillip Arthur Long was discharged in bankruptcy from any and all contractual agreements, but would have continued to be liable for alimony had a proper claim been filed before the divorce; (e) The current action is barred by statute in that no claim for alimony was properly filed . . .

    . . . .

    IT IS, THEREFORE, ORDERED that:

    . . . .

    2. Defendant's Motion to Dismiss Plaintiff's Complaint shall be and hereby is granted.

    3. Plaintiff's Complaint is hereby dismissed with prejudice.

    THIS 6 day of APRIL, 1990, *nunc pro tunc*.

[1] The plaintiff gave timely written notice of appeal on 3 May 1990 since the trial court's order was entered on 6 April 1990. N.C.R. App. P. 3(c). The trial court's attempt to enter the order *nunc pro tunc* to 17 October 1988 was ineffective. *Nunc pro tunc* orders are allowed only when " 'a judgment has been actually

rendered, or decree signed, but not entered on the record, in consequence of accident or mistake or the neglect of the clerk . . . provided [that] the fact of its rendition is satisfactorily established and no intervening rights are prejudiced.'" *State Trust Co. v. Toms*, 244 N.C. 645, 650, 94 S.E.2d 806, 810 (1956) (citation omitted). Because the trial court did not announce its order in open court on 17 October 1988, it was not rendered at that time. *Kirby Bldg. Sys. v. McNiel*, 327 N.C. 234, 240, 393 S.E.2d 827, 830 (1990) (judgment rendered when decision " 'officially announced, either orally in open court or by memorandum filed'" with clerk) (citation omitted). Even if the order was rendered on 17 October 1988, there is nothing in the record to indicate that the delay of nearly eighteen months in entering the order was " 'in consequence of accident or mistake or the neglect of the clerk . . . .'" *Toms*, 244 N.C. at 650, 94 S.E.2d at 810 (citation omitted).

---

The issues presented are (I) whether the Chapter 7 bankruptcy order relieved the defendant of his pre-bankruptcy petition contractual obligation to pay support to the plaintiff; and (II) whether the failure to file a claim for alimony before divorce bars the enforcement of a contractual alimony obligation contained in a separation agreement.

I

[2]   The trial court concluded that defendant's Chapter 7 bankruptcy discharged him from any further liability under the Agreement for the payment of "ALIMONY." Though the issue has not been raised, we note at the outset that the trial court had jurisdiction to decide this case. *Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 421, 248 S.E.2d 567, 571 (1978), *disc. rev. denied*, 296 N.C. 583, 254 S.E.2d 32 (1979) (appellate court may always raise question of subject matter jurisdiction).

The Federal Bankruptcy Act provides in pertinent part:

§ 523. Exceptions to discharge

(a) A discharge under sections 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, deter-

mination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that . . . (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise . . . ; or (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support . . .

11 U.S.C.S. § 523 (Law. Co-op. 1986 & Supp. 1990).

"The state court's jurisdiction to determine dischargeability of debts under [11 U.S.C.S.] § 523 depends on the nature of the debt in question." *In re Galbreath*, 83 B.R. 549, 550 (Bankr. S.D. Ill. 1988). While the Bankruptcy Courts have exclusive jurisdiction to decide issues of dischargeability under §§ 523(a)(2), (4), and (6), the Bankruptcy Courts and any "appropriate nonbankruptcy forum" have concurrent jurisdiction on issues of dischargeability under §§ 523(a)(1), (3), (5), (7), (8), (9), and (10). *Id.* at 551; *In re Orr*, 99 B.R. 109, 110 (Bankr. S.D. Fla. 1989); Bankr. R. 4007 advisory committee's note; *see also* 3 Collier, Collier on Bankruptcy ¶ 523.15[6] (15th ed. 1990); 1 Cowans, Cowans Bankruptcy Law and Practice § 6.10 (1989 ed.).

This concurrent jurisdiction functions as the court in *Galbreath* explained:

Under Bankruptcy Rule 4007(a), the debtor, as well as any creditor, may file a complaint in the bankruptcy court to obtain a determination of dischargeability. Thus, the debtor may seek a determination that a particular debt is dischargeable to avoid the possibility of an enforcement action in the state court following the bankruptcy proceeding. In addition, since, under Bankruptcy Rule 4007(b), there is no time limit for seeking a determination of dischargeability as to debts other than those of § 523(a)(2), (4) and (6), the debtor retains the right to remove a subsequent proceeding brought in a nonbankruptcy court, if no determination of dischargeability has been made in the previous bankruptcy proceeding. . . . If, however, the debtor has neither sought a determination of dischargeability in the bankruptcy proceeding nor acted to have the subsequent enforcement proceeding removed to bankruptcy court, the nonbankruptcy court has jurisdiction to decide the dischargeability of such debts at the creditor's behest once the automatic stay has terminated upon conclusion of the bankruptcy proceeding.

*Id.* at 551 (citation omitted). *See also In re Crowder*, 37 B.R. 53, 55 (Bankr. S.D. Fla. 1984) (where debtor received discharge, bankruptcy case closed, and thus automatic stay at an end, state court judgment could not be set aside as' nullity); 28 U.S.C.S. § 1441 (Law. Co-op. 1988 & Supp. 1990) ("Actions removable generally"); 28 U.S.C.S. § 1446 (Law. Co-op. 1989) ("Procedure for removal"); 28 U.S.C.S. § 1452 (Law. Co-op. 1989) ("Removal of claims related to bankruptcy cases"). "Bankruptcy Rules 4007 and 7001(6) specifically require that any request [by the debtor or creditor] to determine dischargeability [in a bankruptcy court] take the form of an adversary proceeding." *Galbreath*, 83 B.R. at 551.

Here, neither the plaintiff nor the defendant filed a complaint in the bankruptcy court for a determination of the dischargeability of the contractual "ALIMONY" obligation. The bankruptcy court's order specifically left the issue open for future determination. Additionally, the record is silent as to whether either party sought to remove this case from the state court to the bankruptcy court. Therefore, because the parties have "neither sought a determination of dischargeability in the bankruptcy proceeding nor acted to have the subsequent enforcement proceeding removed to bankruptcy court," the state trial court had jurisdiction to decide the issue of dischargeability, and this Court has jurisdiction to review the trial court's decision. *Id.*

[3] "Pursuant to 11 U.S.C. § 727(a), a Chapter 7 debtor who complies with the Bankruptcy Code requirements receives a discharge of all pre-petition debts other than certain specified exceptions. Among those exceptions is 11 U.S.C. § 523(a)(5), which precludes discharge of debts to a spouse or child for alimony, maintenance or support if that debt is actually 'in the nature of alimony, maintenance or support.'" *In re McCauley*, 105 B.R. 315, 318 (E.D. Va. 1989); *see* Annotation, *Debts for Alimony, Maintenance, and Support as Exceptions to Bankruptcy Discharge, Under § 523(a)(5) of Bankruptcy Code of 1978 (11 USCS § 523(a)(5) )*, 69 A.L.R. Fed. 403 (1984). According to one commentator, the reason for this exception is that the "obligations [covered by § 523(a)(5)] are regarded as having greater social importance than . . . [the debtor's] obligations to ordinary creditors." 2 Clark, The Law of Domestic Relations in the United States § 17.7 (2d ed. 1987).

In determining whether a debt to a spouse or a child is excepted from discharge, the analysis "must begin with the assump-

**LONG v. LONG**

[102 N.C. App. 18 (1991)]

tion that dischargeability is favored under the Code unless the complaining spouse, *who has the burden of proof*, demonstrates that the obligation at issue is 'actually in the nature of alimony, maintenance or support.'" *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir. 1986); *see also In re Long*, 794 F.2d 928, 930 (4th Cir. 1986); *McCauley*, 105 B.R. at 318; Bankr. R. 4005. The complaining spouse "has the burden to prove by a preponderance of the evidence that the debtor's liability should be excepted from discharge under § 523(a)(5)." *In re Macys*, 115 B.R. 883, 890 (Bankr. E.D. Va. 1990); *see also Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir. 1988) (case involving § 523(a)(6)); *In re Quinn*, 97 B.R. 837, 839 (Bankr. W.D.N.C. 1988).

[4] "[T]he legislative history [of § 523(a)(5)] makes clear that whether an obligation is in the nature of support or alimony is a federal bankruptcy rather than state law question." *In re Jenkins*, 94 B.R. 355, 359 (Bankr. E.D. Pa. 1988); H.R. Rep. No. 595, 95th Cong., 1st Sess. 364, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 6320; S. Rep. No. 989, 95th Cong., 2d Sess. 79, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5865; *In re Summer*, 20 B.R. 24, 25 (Bankr. D.S.C. 1982). This is true whether the court hearing the matter is a federal court or a state court. *See In re Marriage of Rowden*, 163 Ill. App. 3d 869, 872, 516 N.E.2d 1041, 1044 (1987); *Nuellen v. Lawson*, 123 Ill. App. 3d 202, 204, 462 N.E.2d 738, 740 (1984) ("State law may be used to develop Federal standards"); *Loyko v. Loyko*, 200 N.J. Super. 152, 156, 490 A.2d 802, 804 (App. Div. 1985) (state law "may provide valuable guidance and need not be ignored"); *Benavidez v. Benavidez*, 99 N.M. 535, 537, 660 P.2d 1017, 1019 (1983); *Hopkins v. Hopkins*, 109 N.M. 233, 238, 784 P.2d 420, 425 (Ct. App. 1989); *Zimmerman v. Zimmerman*, 322 Pa. Super. 121, 126, 469 A.2d 212, 214 (1983); *but see In re Knight*, 29 B.R. 748, 751 (W.D.N.C. 1983) ("state domestic relations law . . . governs 'the nature of alimony, maintenance, or support' "); *Barker v. Barker*, 271 Ark. 956, 958, 611 S.W.2d 787, 789 (Ark. Ct. App. 1981).

[5] Under the federal law as developed by the Fourth Circuit courts, the test for determining whether an "obligation contained in a divorce settlement" agreement "is 'actually in the nature of alimony, maintenance or support' " and thus non-dischargeable "turns principally on the [mutual] intent of the parties at the time the agreement was executed." *Tilley*, 789 F.2d at 1077-78; *Long*, 794 F.2d at 931 (test lies in proof of whether parties intended payments

in settlement agreement to "be for support rather than as a property settlement"); *Quinn*, 97 B.R. at 840. "[T]he determination of intention underlying . . . the parties' agreement is essentially one of fact." *McCauley*, 105 B.R. at 319. If the parties intended that the obligation contained in the Agreement was to be in the nature of alimony, maintenance, or support rather than a property settlement, then the defendant's obligation under the Agreement is a non-dischargeable debt pursuant to § 523(a)(5). *Tilley*, 789 F.2d at 1077; *Long*, 794 F.2d at 931.

Having set forth the proper test, the question becomes how does a court determine the parties' mutual intent. If a divorce settlement agreement "contains elements of both a property settlement and alimony payments, the court must look beyond that agreement and determine the intent of the parties at the time the agreement was made." *Quinn*, 97 B.R. at 840. Although "the true intent of the parties rather than the labels attached to an agreement or the application of state law" controls the inquiry, a court is not precluded from examining the "agreement as persuasive evidence of intent." *Tilley*, 789 F.2d at 1077. A court is "required to confine its determination of the parties' intent to the terms of the parties' final written agreement" when the terms of the agreement "conclusively show that the parties intended that the payments be" either for support or a property settlement. *Quinn*, 97 B.R. at 838-41; *cf. Hayes v. Hayes*, 100 N.C. App. 138, 147, 394 S.E.2d 675, 680 (1990) (unequivocal integration or non-integration clause in agreement governs).

Furthermore, the courts of the Fourth Circuit have provided numerous factors to aid the courts in determining the parties' intent. *See In re Coffman*, 52 B.R. 667, 674-75 (Bankr. D. Md. 1985). *Coffman* lists eighteen factors for consideration including "[w]hether there was an alimony award entered by the state court," "[w]hether debtor's obligation terminated upon death or remarriage of the spouse or a certain age of the children or any other contingency such as a change in circumstances," and "[t]he express *terms of* the debt characterization under state law." *Id.* The fact-finder is not required "to hear and assess evidence on every one of . . . [the eighteen] factors." *McCauley*, 105 B.R. at 319. There is no "fixed hierarchy of importance for these factors," nor is there any "precise weight assigned to any of them. Circumstances vary too widely to require this. Instead, the choice of factors to consider

LONG v. LONG

[102 N.C. App. 18 (1991)]

and the weight they should be accorded, is uniquely a function committed to the discretion of the trier of fact." *Id.*

[6, 7] In this case, the plaintiff, as the party seeking to have the obligation declared a non-dischargeable debt, had the burden of proving the same by a preponderance of the evidence. The terms of the parties' Agreement, though suggesting that the "ALIMONY" payments may have been given in consideration of a property settlement, do not conclusively show the parties' mutual intent. Because the Agreement does not contain an explicit integration or non-integration clause, an evidentiary hearing was required to determine the intent of the parties. *In re Vaughn*, 462 F. Supp. 1040, 1046 (N.D. Tex. 1978) (when disputed issues of material fact exist, trial court required to hold evidentiary hearing); *cf. Hayes*, 100 N.C. App. at 148, 394 S.E.2d at 680. The trial court did not hold such a hearing. Accordingly, we remand this case to the trial court for an evidentiary hearing to determine the parties' intent based upon a consideration of the relevant factors. *Hayes*, 100 N.C. App. at 148, 394 S.E.2d at 680.

II

[8] The second issue is whether the plaintiff's failure to file a claim for alimony before divorce bars enforcement of a contractual alimony obligation contained in a separation agreement. The simple answer is no.

> Our courts have recognized the validity of a separation agreement by which the husband agrees to support his wife even after a decree of divorce has been entered which, under G.S. 50-11, would otherwise terminate his obligation. . . . In such a case, the wife's right to continued support does not arise out of the marriage, but arises out of contract and survives the judgment of absolute divorce.

*Haynes v. Haynes*, 45 N.C. App. 376, 381-82, 263 S.E.2d 783, 786 (1980) (citations omitted); *see also Taylor v. Taylor*, 321 N.C. 244, 248, 362 S.E.2d 542, 545 (1987). Therefore, the trial court erroneously granted the defendant's motion to dismiss the plaintiff's complaint on this ground. Furthermore, this Court refuses to consider the plaintiff's appeal of the trial court's denial of her motion for summary judgment because "the denial of a motion for summary judgment is a non-appealable interlocutory order." *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 758, 325 S.E.2d 223, 230 (1985).

On remand, if it is determined that the parties intended the obligation in their Agreement to be "in the nature of alimony, maintenance, or support" and thus non-dischargeable, then the enforceability of the Agreement creating the obligation must be determined. This determination will turn on an application of North Carolina law. Accordingly, the order of the trial court is

Vacated and remanded.

Judge PARKER concurs.

Judge COZORT concurs in part and dissents in part.

Judge COZORT concurring in part and dissenting in part, with separate opinion.

I concur with the majority's opinion insofar as it (1) dismisses the plaintiff's appeal of the trial court's denial of plaintiff's motion for summary judgment, and (2) holds that the trial court erred by dismissing plaintiff's contractual alimony action on the ground that plaintiff failed to file an alimony claim before the divorce was granted in the previous action. However, on the issue of whether the trial court erred by dismissing plaintiff's action on the ground that defendant's bankruptcy discharged his liability for alimony payments, I cannot agree with all the issues discussed and opinions expressed by the majority.

First, the majority acknowledges that jurisdiction has not been raised. Since the issue of jurisdiction has not been raised and has no bearing on our decision, I find any discussion of jurisdiction inappropriate.

Second, the majority orders that the case be remanded to the trial court for an evidentiary hearing to determine the parties' intent in signing the Separation Agreement dated 2 April 1987. I strongly disagree with that result.

The defendant filed a motion to dismiss, without filing an answer. The issue of the parties' intent in signing the Agreement was not raised in any pleading, order, or brief. Thus, the majority errs in raising that issue. The only issue before us on appeal is straightforward and simple: does defendant's bankruptcy automatically discharge his obligation to pay contractual alimony? The answer is a simple "No," under 11 U.S.C.S. § 523(a)(5) (1978 & Cum. Supp.

1990). The majority's discussion of intent and all the related matters is inappropriate and potentially confusing.

This Court should do no more than reverse the trial court's order of dismissal. When the case returns to trial court for further actions, the issues discussed by the majority may or may not be raised.

I vote simply to reverse.