In the Matter of GARDINIER, INC., et al., Debtor(s).

**Bankruptcy Nos. 85–329 to 85–333.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 23, 1986.

See also, Bkrtcy., 55 B.R. 601.

Robert W. Clark, Tampa, Fla., for debtor.

Robert A. Soriano, Tampa, Fla., for Long-Term Lenders Committee.

Zala L. Forizs, St. Petersburg, Fla., for Creditors Committee.

Laura Witte, Pompano Beach, Fla., for Cargill, Inc.

Robert Wahl, St. Petersburg, Fla., for trustee.

ORDER ON MOTION TO ALLOW SECOND AMENDED PROOF OF CLAIM FOR DEPARTMENT OF REVENUE TAXES AND ORDER ON OBJECTION OF CLASS III TRUSTEE TO GARDINIER, INC.'S MOTION TO ALLOW SECOND AMENDED PROOF OF CLAIM FOR DEPARTMENT OF REVENUE TAXES

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration in this Chapter 11 case are a Motion to Allow Second Amended Proof of Claim for Department of Revenue Taxes, filed by Gardinier, Inc., the Debtor (Debtor), and an Objection to Gardinier, Inc.'s Motion. The objection was filed by Alvin Bernstein, as Trustee of Gardinier Reorganization Trust No. 1 (Trustee). The facts relevant to the issues as they appear from the record are without dispute and are as follows:

On February 11, 1985, the Debtor and some of its corporate subsidiaries filed Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code. On its Amended Schedule A–1, filed on June 7, 1985, the Debtor listed all taxes due to the State of Florida, including an estimated accrual amount of $572,661 for severance taxes for the period of January 1, 1985 through February 11, 1985.

The Department of Revenue of the State of Florida (State) has filed four Proofs of Claim in this case. The first was filed on March 18, 1985, and was based on unpaid sales tax in the amount of $113,764.21. On May 20, 1985, the State filed an Amended Claim which superseded the March 18 claim for unpaid sales tax in the amount of $1,231,241.56. This Proof of Claim also listed severance tax due for the period of January 1, 1985 through February 11, 1985, but did not specify any amount. On August 19, 1985, the State filed a third

Proof of Claim which superseded the May 20 Proof of Claim, and reduced the sales tax liability to $1,006,401.43. Once again this Claim also made reference to severance tax claimed to be due for the January 1, 1985 through February 11, 1985 period but again did not specify any amount.

On July 22, 1985, this Court entered an order establishing September 9, 1985 as the last date upon which creditors could file Proofs of Claim. The Amended Plan of Reorganization was confirmed by this Court on December 17, 1985, and the Plan was consummated on December 31, 1985.

The fourth Proof of Claim, the claim involved in this controversy, was filed June 25, 1986. It was labeled as a Second Amended Claim, and claimed severance tax for the period of January 1, 1985 through February 11, 1985 in the amount of $572,-661. The Claim also stated that a $1,006,-401.43 sales tax claim had been paid. The Debtor subsequently filed its motion to allow this claim, and the Trustee filed his objection.

The Trustee bases his objection to the allowance of the Amended Proof of Claim on the ground that the June 25, 1986 Proof of Claim was filed after the September 9, 1985 bar date and after the December 17, 1985 Order of Confirmation. The Trustee asserts that although the State filed Proofs of Claim pre-bar date, none of the Claims asserted a fixed liability for severance taxes and, in fact, indicated that no severance taxes were due, therefore, none can be considered as timely filed Claims, capable of an amendment.

■ A review of the Proof of Claim indicates that the Trustee's assertion is without merit. The May 20, 1985 Claim and the August 19, 1985 Claim, both filed pre-bar date, stated a severance tax liability for the period of January 1, 1985 through February 11, 1985. While it is true that no amount was listed in the column labeled "Tax Due" and this space was left blank, neither was there a zero in the column. In all instances were there was, in fact, no amount due, the State indicated that fact by putting "–0–" in the space. This Court

is satisfied that the State filed a timely Proof of Claim asserting severance tax liability pre-bar date sufficient to serve as a basis for an amendment. Even if the Proofs of Claim had been filed post-bar date, pursuant to Bankruptcy Rule 3003(c)(3), this Court may extend the time within which Proofs of Claim or interest may be filed. The bar date is not etched in stone.

Furthermore, it is well settled that a Proof of Claim may be freely amended so long as the amendment does not attempt to assert an entirely new claim. In *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985), the Eleventh Circuit held that "amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim." It is without dispute that the State filed a timely Proof of Claim which showed the existence of a severance tax liability; the June 25, 1986 claim simply amended its prior claim to state with particularity the amount due.

There is another, perhaps more compelling, reason that the claim must be allowed. On its Amended Schedule A–1, the Debtor scheduled a severance tax liability to the State of Florida in the amount of $572,661. Bankruptcy Rule 3003(b)(1) provides as follows:

### Schedule of Liabilities

The Schedule of Liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a Proof of Claim or interest except as provided in subdivision (c)(2) of this Rule.

■ Subdivision (c)(2) provides that a creditor must file a Proof of Claim only if its claim is not scheduled or is scheduled as

disputed, contingent, or unliquidated. Thus, pursuant to B.R. 3003(b)(1) and (c)(2), the State has a right to rely on the Debtor's Schedules for payment of the severance taxes, which although listed as an estimated liability, was not listed nor can be construed as disputed, contingent, or unliquidated. In fact, pursuant to B.R. 3003(b)(1) and (c)(2), the Debtor was not even required to file a Proof of Claim for severance taxes. Even if the State's June 25 Proof of Claim had not been a proper amendment, an assumption that is not supported by this record, the State has a right to payment of the severance taxes because the Debtor scheduled the taxes as an absolute liability.

Based on the foregoing, this Court is satisfied that the June 25, 1986 Proof of Claim, referred to herein as the Second Amended Proof of Claim, should be allowed as filed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Allow Second Amended Proof of Claim for Department of Revenue Taxes be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Objection of Class III Trustee to Gardiner, Inc.'s Motion to Allow Second Amended Proof of Claim for Department of Revenue Taxes be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DECREED that the June 25, 1986 Claim filed by the Florida Department of Revenue be, and the same is hereby, allowed as filed.