**In re S.T. PATRICK and N. Patricia Patrick, Debtors.**

**Bankruptcy No. 85–3521–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 31, 1989.

Jeffrey Warren, Tampa, Fla., for debtor.

Marika Lancaster, Dept. of Justice, Washington, D.C., for the U.S.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 case and the immediate matter under consideration is a Motion for Partial Summary Judgment filed by S.T. Patrick and N. Patricia Patrick, the Debtors in the above-captioned case. The Motion for Summary Judgment was filed in connection with the Debtor's Objection to Internal Revenue Service Claim No. 34. The Debtors contend that they are entitled to a judgment as a matter of law; that the claim filed by the Government was untimely and hence, should be disallowed.

The following facts are without dispute and are those which are pertinent to a resolution of the matter under consideration.

On December 3, 1985, the Debtors filed their Voluntary Petition for Reorganization under Chapter 11 of the Bankruptcy Code. On January 26, 1988, an Order was entered approving the Debtors' Disclosure Statement and fixing the bar date of February 16, 1988, as the deadline for filing proofs of claims and acceptance or rejection of the Plan. On February 12, 1988, the Government filed a proof of claim (Claim No. 18) in the amount of $17,128.18 representing the Debtors' unpaid federal income taxes for the years 1983 through 1985. On April 6, 1988, the Debtors filed an Objection to the Government's Claim No. 18 on the basis that the claimed amount was excessive. On May 9, 1988, this Court entered an Order sustaining the Debtors' objection to the Government's claim and disallowing the claim as filed, but allowing the claim in the reduced amount of $3,522.00. It further appears that the Government filed a Motion for Rehearing of the Order sustaining Debtors' Objection to Claim No. 18 on the basis that they had not been properly noticed of the hearing on the Debtor's Objection. The Motion was granted and this Court vacated the Order which sustained Debtor's Objection to Claim No. 18. In the interim and well past the bar date for filing proofs of claims, the Government filed a new proof of claim, Claim No. 34, in the amount of $85,045.86, representing an alleged liability of the Debtor based on a disallowance by the Internal Revenue Service of specific deductions previously taken

by Debtors on their income tax returns for the years 1983 through 1984.

It is the Debtors' contention that the Government is time barred from filing Claim No. 34 and that, therefore, the claim should be disallowed. In opposition to this, the Government contends that Claim No. 34 merely represented an amendment to Claim No. 18, which was timely filed and hence, should not be disallowed merely because the claim as amended was filed past the bar date.

It is recognized that courts have allowed amendments to claims "where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory on facts set forth in the original claim." *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985); *Matter of Gardinier, Inc.*, 68 B.R. 352 (Bankr.M.D.Fla.1986). However, post-bar date amendments are "subject to careful scrutiny by the courts to assure that the alleged amendment was not a guise for the claimant to file a new claim." *International Horizon, Inc.*, at 1216. The courts have set forth several criteria in determining whether an amendment should be allowed. *In the Matter of Commonwealth Corporation*, 617 F.2d 415 (5th Cir.1980), the court there stated that:

"A claim, to be amended, must have informed the court within the period for filing claims of the existence and nature, and the amount of the claim and the creditor within the period, must have indicated his intent to hold the estate liable thereon."

The Court in *In re Miss Glamour Coat Co., Inc.*, 80–2 U.S.D.C. 9737 (Bankr.S.D.N.Y.1980) [1980 WL 1668], set forth the following factors to be considered in determining whether the Internal Revenue Service's "amended" claim should be allowed: 1) whether the debtors and creditors relied upon the Internal Revenue Service's earlier proofs of claim or whether they knew or had reason to know subsequent proofs of claims would be filed pending the completion of an audit; 2) whether other creditors would receive a windfall by the court's refusal to allow amendment; 3) whether the Internal Revenue Service intentionally or negligently delayed in filing its later proof of claim; 4) the justification for the failure of the Internal Revenue Service to timely file for an extension of the bar date and, 5) whether equity requires consideration of any other factors. The court in *In re International Horizons, supra*, adopted the factors articulated by the court in *Miss Glamour Coat, supra*, and held that the IRS was barred from amending its earlier proof of claim. In that case the IRS timely filed a claim for withholding taxes and federal unemployment taxes. The creditors and debtors had some knowledge of a possibility of a corporate income tax liability, however, the IRS did not object to the debtor's disclosure statment which did not schedule unpaid corporate income taxes. Neither did the Government object to the debtor's plan of reorganization. The IRS thereafter filed an amended claim for corporate income taxes and objected at the confirmation of the plan on the ground that the plan was not feasible if its claim as amended would prevail. The court found that equity was with the debtors as the IRS acted negligently and without justification and was barred from asserting a claim based on an alleged tax liability for taxes not previously asserted.

Based on the authorities cited above, this Court is satisfied that Claim No. 34 filed by the Government properly could be classified as an amendment to Claim No. 18. However, this Court is equally satisfied that even though it may be amended, Claim No. 34 should be disallowed on the basis of estoppel. In the instant case after the Government filed Claim No. 18, they in effect put the Debtors and other creditors on notice that they were asserting a claim for the Debtors' personal unpaid federal income taxes. They did not indicate on their original proof of claim that the amount asserted was merely an estimate nor did the Government ever inform the Debtor that it would be asserting a much more significant claim. In addition, the Government never filed a Motion for Extension of Time to File Proof of Claim, never objected to the Debtors' Plan of Re-

organization, or its subsequent confirmation. Only after confirmation did the Government file its proof of Claim No. 34 which in effect would naturally upset the applecart and render the Debtors' Plan of Reorganization unfeasible.

Based on the foregoing, this Court is satisfied that the Government is estopped from now asserting Claim No. 34 and Claim No. 34 should be disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtors' Motion for Partial Summary Judgment as to their Objection to Claim No. 34 be, and the same is hereby, granted, and Debtors' Objection to Claim No. 34 be, and the same is hereby, sustained and Claim No. 34 be, and the same is hereby, disallowed in the amount of $85,045.86.