**In re Jack J. GRYNBERG and Celeste C. Grynberg, Debtors.**

**Jack J. GRYNBERG and Celeste C. Grynberg, Appellants,**

**v.**

**UNITED STATES of America, and Gerald S. Swanson, Appellees.**

Civ. A. No. 91–F–1025. Bankruptcy Nos. 81–B–00821–C, 81–B–00825–C. Adv. No. 89–C–1371.

United States District Court, D. Colorado.

Nov. 4, 1991.

Neil E. Ayervais, Lohf, Shaiman & Ross, P.C., William D. Scheid, Scheid & Horlbeck, P.C., Denver, Colo., for debtors/appellants.

Michael J. Norton, U.S. Atty., William G. Pharo, Esq., Asst. U.S. Atty., Denver, Colo., Karen Lynne Baker, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellees.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on appeal from the United States Bankruptcy Court, filed June 17, 1991. Appellants appeal the bankruptcy court's Order on Cross Motions for Summary Judgment. Jurisdiction is based on 28 U.S.C.A. § 158 (West Supp.1991). For the reasons set forth below, the order of the bankruptcy court is AFFIRMED.

## I.

### BACKGROUND

The facts on appeal are largely undisputed.[1] On February 20, 1981, the Grynbergs each filed a petition for relief under Chapter 11 of the Bankruptcy Code ("the Reorganization Cases"). The Reorganization Cases were jointly administered. On April 21, 1983, the bankruptcy court approved a joint reorganization plan ("Reorganization Plan") pursuant to its Order of Confirmation ("Confirmation Order").

On their bankruptcy schedules, both Jack and Celeste Grynberg listed a disputed tax liability for gift taxes as a pre-petition contingent liability. During the year preceding the bankruptcy filings, the Grynbergs made a number of intra-family transfers of mineral properties. The Grynbergs itemized these transfers in filings with the bankruptcy court. However, the Grynbergs never filed a federal gift tax return concerning the transfers.

On June 19, 1981, the bankruptcy court issued a "Bar Order." The Bar Order stated that "all claims listed as disputed in the Grynbergs' schedules would be disallowed if a timely proof of claim was not filed with respect to such claims." The Internal Revenue Service ("IRS") never filed a proof of claim for any gift taxes attributable to the mineral property transfers.[2] The IRS, however, did file a proof of claim for certain income tax obligations that the Grynbergs listed as disputed claims.

Consequently, the only federal tax liability reflected in the Reorganization Plan was the claim for income taxes. Neither the Reorganization Plan nor the accompanying disclosure statement made any reference to the disputed gift tax. The IRS did not object to the disclosure statement or the Reorganization Plan. The Reorganization Plan has been fully consummated.

In March 1989, the IRS notified Jack Grynberg that a gift tax deficiency had been determined based on the transfers made in 1980 and 1981. No deficiency has been asserted against Celeste Grynberg to date, but the memorandum sent to Jack Grynberg does not rule out possible future assessments.

On November 29, 1989, the Grynbergs commenced an adversary proceeding (the "Adversary Action") in the bankruptcy court, asking for an injunction against the IRS's collection efforts with respect to the pre-petition gift taxes. The Grynbergs asserted the disputed gift tax claims were disallowed when the IRS failed to comply with the bar order either by filing a proof of claim or by objecting to the Reorganization Plan. On January 20, 1990, Defendants filed a Motion to Dismiss or, Alternatively, for Summary Judgment. On March 12, 1990, the Grynbergs responded with a Cross–Motion for Summary Judgment. On April 12, 1991, after further collection efforts by the IRS, the Grynbergs filed a Motion for Preliminary Injunction. On May 29, 1991, the bankruptcy court issued an order denying the Grynbergs' motion for summary judgment, granting Appellees' motion for summary judgment, and dismissing the Grynbergs' complaint. The Grynbergs appeal this order.

## II.

### STANDARD OF REVIEW

Acting as an appellate court for bankruptcy appeals, district courts are bound to accept the bankruptcy court's findings of fact unless those findings are clearly erroneous. *In re Goin,* 808 F.2d 1391, 1393 (10th Cir.1987); *In re Golf Course Builders Leasing, Inc.,* 768 F.2d 1167, 1169 (10th Cir.1985); *In re Reid,* 757 F.2d 230, 233 (10th Cir.1985). Bankruptcy court findings should not be set aside absent "the most cogent reasons appearing in the record." *Reid,* 757 F.2d at 233–34 (quoting *Kansas Federal Credit Union v. Niemeier,* 227 F.2d 287, 291 (10th Cir.1955)).

The district court reviews questions of law and mixed fact and law questions un-

---

**1.** All factual recitations in this Order appear in the record.

**2.** In this appeal, Appellees are the United States of America and Gerald Swanson, previously the District Director for the Internal Revenue Service. The IRS is the federal agency that took all actions for which Appellees are being sued.

der a de novo standard. *Golf Course Builders Leasing, Inc.*, 768 F.2d at 1169; *Stafos v. Jarvis*, 477 F.2d 369, 372 (10th Cir.1973), *cert. denied*, 414 U.S. 944, 94 S.Ct. 230, 38 L.Ed.2d 168 (1973). The instant appeal primarily raises legal and not factual issues.

### III.

### NON–DISCHARGEABLE TAX DEBTS

Appellants assert that the IRS's attempt to collect pre-petition gift taxes from the Grynbergs is precluded by the bankruptcy court's Bar Order. We disagree.

#### A. STATUTORY ARGUMENTS

Section 1141(d)(2) of the Bankruptcy Code provides that "the confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under Section 523 of this title." 11 U.S.C.A. § 1141(d)(2) (West 1979 & Supp. 1991).

■ Section 523(a)(1) creates an exception to discharge for any tax debts:

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return if required—

(i) was not filed ...

11 U.S.C.A. § 523 (West 1979 & Supp. 1991). We conclude that the pre-petition gift taxes at issue in this case fall within the exceptions to discharge set forth in §§ 523(a)(1)(A) and (B)(i) of the Bankruptcy Code.

Section 523(a)(1)(B)(i) clearly applies to the facts of this case. Courts have construed this section literally, holding that a tax debt is non-dischargeable if the debtor fails to file a tax return. *In re Hofmann*, 76 B.R. 853, 854 (Bankr.S.D.Fla.1987); *In re Haywood*, 62 B.R. 482, 485 (Bankr. N.D.Ill.1986). The Grynbergs concede that they never filed a gift tax return. We conclude that § 523(a)(1)(B)(i) renders the disputed pre-petition gift taxes non-dischargeable.

■ Section 523(a)(1)(A) also applies in this case. Section 523(a)(1)(A) excepts from discharge tax liabilities of a kind listed in § 507(a)(7). Section 507(a)(7)(E)(i) includes the following:

[A]n excise tax on a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition ...

11 U.S.C.A. § 507(a)(7)(E)(i) (West Supp. 1991).

Like all taxes imposed on the performance of an act, a gift tax is an excise type of tax. *See* Black's Law Dictionary, 6th ed., at 563 (West 1990). The gift tax is based upon transactions that took place before the filing of the Grynbergs' petitions. The transfers challenged by the IRS to date occurred in 1980 and 1981, and therefore, these transactions clearly fall within the three year pre-petition window set forth in the statute. Therefore, we find that the pre-petition gift taxes are excepted from discharge under §§ 523(a)(1)(A) and (B)(i).

■ Appellants' contention that the Bar Order precludes the IRS from seeking to collect the disputed pre-petition gift tax liability is contrary to the relevant statutory provisions. The Grynbergs correctly note that the Bar Order had the effect of disallowing an otherwise allowed claim against the Grynbergs' bankruptcy estates. *See* 11 U.S.C.A. § 502 (West 1979 & Supp. 1991). Appellants cite many cases where bankruptcy courts have refused to allow the IRS or other creditors to amend their proofs of claim after issuance of a Bar Order. *See e.g., In re International Horizons, Inc.*, 751 F.2d 1213, 1217–19 (11th Cir.1985); *In re Nalle*, 125 B.R. 164, 166 (Bankr.W.D.Tex.1991); *In re Milan Steel Fabricators, Inc.*, 113 B.R. 364, 367–70 (Bankr.N.D.Ohio 1990); *Matter of Dewey Beach Enterprises, Inc.*, 110 B.R. 681, 684 (Bankr.D.Del.1990); *In re Stavriotis*, 103 B.R. 1005, 1006–07 (Bankr.N.D.Ill.1989); *In re Byrd*, 94 B.R. 458, 460 (Bankr.S.D.Ohio 1988); *In re Miller*, 90 B.R. 317, 323–24 (Bankr.E.D.Tenn.1988); *In re Norris Grain Co.*, 81 B.R. 103, 107–08 (Bankr. M.D.Fla.1987).

Here, the IRS never filed a proof of claim on the pre-petition gift taxes allegedly owed by the Grynbergs. Under the Bar Order and the authorities cited by Appellants, the IRS probably would have been barred from collecting any gift tax debt from the bankruptcy estate. This does not mean, however, that the IRS is barred from collecting non-discharged tax liabilities in post-confirmation, non-bankruptcy proceedings.

Appellants fail to recognize that the disallowance of an otherwise allowed claim by the bankruptcy court does not undermine the statutory exceptions to discharge. Sections 1141(d)(1)(A)(i) and (ii) provide for discharge upon confirmation regardless of whether or not a proof of claim was filed pursuant to 11 U.S.C.A. § 501 (West 1979 & Supp.1991), or whether or not a claim was allowed or disallowed under § 502. Section 1141(d)(2) provides that "the confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title."

Taken together, these provisions stand for the proposition that the section 523 exceptions to discharge are not affected by the allowance or disallowance of a claim in bankruptcy. *See In re Gurwitch,* 794 F.2d 584, 585 (11th Cir.1986); *In re Galbreath,* 83 B.R. 549, 551 (Bankr.S.D.Ill.1988). A creditor whose claim falls within one of the section 523 exceptions to discharge "may wait until the conclusion of the bankruptcy proceeding and then bring suit on its claim in the appropriate nonbankruptcy forum." *In re Galbreath,* 83 B.R. at 551; *accord* Advisory Committee Note, Bankruptcy Rule 4007, Norton, Bankr.L. & Prac. at 267–68 (1987). Therefore, the IRS's efforts to collect non-dischargeable, pre-petition gift tax liabilities is not precluded by the doctrine of res judicata. Moreover, neither the Bar Order nor the Confirmation Plan purports to raise a res judicata bar to any non-dischargeable debts. Accordingly, we conclude that Appellants' statutory argument fails as a matter of law.

## B. INJUNCTIVE RELIEF

Before determining whether equitable relief is warranted, Appellants must show that there is no available remedy at law. *In re Dore & Assocs. Construction Co.,* 45 B.R. 758, 762 (Bankr.E.D.Mich. 1985). Here, Appellants may either file a petition with the United States Tax Court or pay the liability and file a refund claim.

Furthermore, the Tax Anti–Injunction Act precludes injunctive relief against the IRS. 26 U.S.C.A. § 7421(a) (West 1989); *South Carolina v. Regan,* 465 U.S. 367, 378, 104 S.Ct. 1107, 1114, 79 L.Ed.2d 372 (1984). For bankruptcy purposes, an exception to the Tax Anti–Injunction Act is premised on 11 U.S.C.A. § 105(a) (West Supp.1991). In *In re Jon Co.,* 30 B.R. 831, 834 (D.Colo.1983), Judge Kane enunciated four requisites for obtaining injunctive relief on the basis of bankruptcy proceedings: (1) irreparable harm to the bankruptcy estate if the injunction does not issue; (2) a strong likelihood of success on the merits; (3) no harm or minimal harm to the other parties or party; (4) a determination of what action better serves the public interest.

The bankruptcy court made factual findings, determining that Appellants failed to satisfy the first and second requisites. The bankruptcy court concluded that the gift tax deficiency assessments did not threaten the Reorganization Plan. Additionally, the bankruptcy court found that Appellants made no showing of any likelihood of success on the merits in their gift tax dispute. Under the clearly erroneous standard, we conclude that the bankruptcy court did not err when it found that Appellants failed to satisfy the bankruptcy-based exception to the Tax Anti–Injunction Act.

## C. EQUITABLE ARGUMENTS

Even considering the merits of Appellants' equitable arguments of estoppel and waiver, those arguments fail as a matter of law. The Grynbergs allege that they relied to their detriment upon the IRS's failure to file a proof of claim for the pre-petition gift taxes and the IRS's failure to object to the Reorganization Plan. We disagree.

**420**

### 1. EQUITABLE ESTOPPEL

■ Equitable estoppel requires proof of the following elements: (1) the party to be estopped must know facts; (2) the party to be estopped must intend that his conduct shall be acted upon or must so act that the party asserting estoppel has the right to believe it is so intended; (3) the party asserting estoppel must be ignorant of the true facts; and (4) the party seeking estoppel reasonably and detrimentally relied on the conduct of the party to be estopped. *Penny v. Giuffrida,* 897 F.2d 1543, 1545–46 (10th Cir.1990); *FDIC v. Palermo,* 815 F.2d 1329, 1338 (10th Cir.1987); *In re Garrison,* 48 B.R. 837, 840–41 (Bankr.D.Colo. 1985).

As a matter of law, Appellants fail to meet the requirements of equitable estoppel. First, the IRS never represented to Appellants that it would not pursue the gift tax claims in post-bankruptcy proceedings. The cases cited by Appellants involve situations where the IRS either gave written notice of its intent not to pursue certain claims, *see Matter of La Difference Restaurant, Inc.,* 63 B.R. 819, 829 (Bankr. S.D.N.Y.1986), or tried to raise untimely claims within the bankruptcy proceeding. *See e.g., In re International Horizons,* 751 F.2d at 1218–19; *In re Patrick,* 96 B.R. 358, 359 (Bankr.M.D.Fla.1989).

Second, the central issue on appeal is a dispute over how to interpret the statutory provisions of the Bankruptcy Code. Based on our literal reading of the unambiguous terms of sections 523 and 1141(d)(2), we find that Appellants' reliance upon the IRS's failure to file a proof of claim for the pre-petition gift taxes was unreasonable and unjustified.

Appellants cite *Matter of Becker's Motor Transp., Inc.,* 632 F.2d 242 (3d Cir.1980), in support of their position. In *Becker,* the court applied the doctrine of equitable estoppel to prohibit the IRS from seeking to recover certain pre-petition interest in a post-bankruptcy proceeding. *Id.* at 250–51. In that case, the IRS had filed proofs of claim and collected some pre-petition interest from the debtor during the bankruptcy proceeding. *Id.* Accordingly, the *Becker*

Court found that the debtor justifiably believed that the IRS had filed all pre-petition interest claims. *Id.* The bankruptcy court properly concluded that *Becker* stands for the proposition that once a part of a single claim is presented to the bankruptcy court, all other aspects of that claim must be presented, otherwise estoppel may preclude the enforcement of related claims in a later proceeding. The *Becker* Court also held that equitable estoppel did not bar the IRS's post-bankruptcy claims for pre-petition penalties and post-petition interest, because those claims were separate and distinct from the pre-petition interest claims. *Id.* (citing *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964)).

Here, as noted by Appellants, the IRS's proof of claim for income taxes is separate and distinct from the gift tax deficiency at issue. The IRS never raised the gift tax issue in the bankruptcy proceeding. Accordingly, under the clear language of sections 523 and 1141(d)(2), we find that Appellants had no reasonable basis to conclude that the IRS was barred from pursuing the gift tax deficiencies in post-bankruptcy proceedings.

### 2. WAIVER

■ Appellants' waiver arguments are equally unpersuasive. Even if deliberate, the IRS's decision not to file a proof of claim for gift tax deficiencies does not constitute a waiver of post-discharge remedies to collect a non-dischargeable debt under the Bankruptcy Code or case law. 11 U.S.C.A. §§ 523(a)(1) and 1141(d)(2); *see Newberg v. United States,* 296 F.2d 152, 153 (2d Cir.1961); *In re Galbreath,* 83 B.R. 549, 550–51 (Bankr.S.D.Ill.1988).

■ Moreover, the IRS's post-confirmation failure to assert a tax deficiency until March 1989 also does not constitute a waiver of its rights to assess a deficiency. Under 26 U.S.C.A. § 6501(c)(3) (West Supp. 1991), the IRS enjoys an unlimited statute of limitations for purposes of making such a deficiency assessment.

## D. ABSTENTION

The bankruptcy court has the power to adjudicate the Grynbergs' pre-petition gift tax liability as a core proceeding. 11 U.S.C.A. § 505 (West 1979 & Supp.1991); 28 U.S.C.A. § 1334(b) (West Supp.1991). However, the bankruptcy court has the discretion to abstain from hearing core issues in appropriate situations. 28 U.S.C.A. § 1334(c)(1) (West Supp.1991). We conclude that the bankruptcy court properly exercised its discretion to abstain.

## IV.

## ORDER

ACCORDINGLY, it is ordered that the bankruptcy court's Order on Cross–Motions for Summary Judgment, filed May 29, 1991, is AFFIRMED.