**In re John H. GANOUS, Debtor.**

**Bankruptcy No. 91–23663–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Jan. 4, 1992.

William Koreman, Miramar, Fla., for debtor.

Kenneth Welt, Trustee, Hollywood, Fla.

James E. Nutt, Asst. County Atty., Broward County, Fort Lauderdale, Fla., for Broward County.

## ORDER ON NOTICE OF NON–DISCHARGEABILITY AND OBJECTION TO DISCHARGE

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court on a "Notice of Non–Dischargeability and Objection to Discharge of Criminal Fine" filed by BROWARD COUNTY.

Broward County's notice and objection alleges John H. Ganous ("Debtor") was fined by the State of Florida the amount of $52,200.00 as part of a felony sentence in the 17th Judicial Circuit Court of Florida, case no. 88–018854CF10A. This fine allegedly represents a penalty imposed by Florida Statute and not compensation for actual pecuniary loss. Broward County ("Broward") seeks an ex-parte order of this Court excepting this criminal fine from discharge.

BROWARD asserts that the $52,200.00 debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(7). It further asserts that it should not be burdened with having to file an adversary proceeding against a criminal defendant, such as the Debtor, who "attempts to use the U.S. Bankruptcy Court to discharge a criminal fine."

█ The Bankruptcy Code suggests otherwise. F.R.B.P. 7001 defines which matters are to be brought by adversary proceedings. The determination of the dischargeability of a debt is one such matter. F.R.B.P. 7001(6). *See also*, F.R.B.P. 4007(b) (complaint may be filed at any time, except as provided under § 523(c)). BROWARD is no exception. It must comply with this rule and file an adversary proceeding if it wants the court to declare the debt it is owed is non-dischargeable.

I suppose it is a burden on Broward County to go to Court and prove its case. It is also a burden to prove the guilt of a defendant before conviction. Mr. Justice Douglas explained the Bill of Rights as a means of getting government off the backs of the people. Our entire legal system is predicated upon a fairness doctrine with burdens cast upon government rather than upon our citizens. This is a burden that Broward County must bear if it wishes its claim judicially determined non-dischargeable.

A debt that falls under 11 U.S.C. § 523(a)(7) is non-dischargeable. To proceed with an action to collect such a debt from the Debtor, BROWARD need not receive a determination of non-dischargeability from this court. However, whether a debt falls within the purview of § 523(a)(7) is a question of fact. If Broward fails to obtain a judicial determination that the debt is non-dischargeable, the creditor proceeds at its own peril.

█ If no judicial determination is made regarding whether the debt is dischargeable while the bankruptcy case is open and the creditor chooses not to reopen the case to bring an adversary proceeding to determine dischargeability pursuant to F.R.B.P. 4007, and the creditor attempts to collect on the debt, then the debtor has two options. First, the debtor may appear in the state or federal court, present debtor's discharge, and allege that the debt the creditor seeks to collect has already been discharged. In that case, the issue will be decided in the state or federal court where the matter is filed or sought to be enforced. Alternatively, the debtor may file an adversary proceeding under F.R.B.P. 4007 and seek a contempt order pursuant to 11 U.S.C. § 524 by alleging that the debt was discharged and the creditor's action is in violation of the injunction afforded by 11 U.S.C. § 524.

If the Debtor chooses the latter, the Bankruptcy Court would necessarily determine whether the debt was non-dischargeable in order to determine whether to hold

the creditor in contempt. If the Court determined the debt to be dischargeable, the creditor's actions would be in contempt of the 11 U.S.C. § 524 injunction.

The debt that Broward seeks to enforce facially appears to fall within 11 U.S.C. § 523(a)(7). However, for this court to make that determination without notice or hearing and without following the procedures prescribed in F.R.B.P. 7001, would be a clear denial of due process.

DONE and ORDERED.