In re Ricky Lee **BINGHAM, Debtor.**

**Bankruptcy No. 491–45289–MT–7.**

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

Feb. 6, 1994.

Dan Williams, Decatur, TX, for debtor.

Jeffee Martinez–Vargas, of Attorney General's Office, Energy Div., Austin, TX, for Railroad Comm'n.

## *MEMORANDUM OPINION*

MASSIE M. TILLMAN, Bankruptcy Judge.

### I.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### II.

### FACTS

Ricky Lee Bingham, d/b/a Bingham Oil & Gas ("Bingham"), became the operator of several wells on two different leases, the Duvall Brothers Lease and the Munger lease. The leases had effective dates of June 1, 1986, and April 1, 1987, respectively. Sometime thereafter, when all drilling operations had ceased, Bingham did not plug approximately eight wells located on both leases in accordance with the Statewide Rule promulgated by the Texas Railroad Commission (the "Commission") which requires that plugging operations be commenced within a period of one year after drilling and operations have ceased. The Commission is authorized to assess civil penalties against any person not complying with this rule under Section 81.0531 of the Texas Natural Resource Code.

On September 10th, 1990, and July 22nd, 1991, the Commission ordered Bingham to pay several administrative penalties and to plug the wells. Bingham failed to appear at either hearing, nor did he appeal the orders issued by the Commission. The Attorney General subsequently brought suit in State Court (the "State Action") to enforce compliance with the Commission Orders on October 16, 1991, pursuant to Section 81.0534 of the Natural Resource Code, which authorizes the Attorney General to initiate a civil action to recover penalties assessed by the Commission. Bingham, representing himself *pro se,* filed a general denial.

Bingham then filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with this Court on December 27, 1991,

staying the State Action brought by the Attorney General on behalf of the Railroad Commission. Bingham received a discharge on April 9, 1992.

On April 13, 1992, the Attorney General obtained a default judgment against Bingham in the State Action. Bingham reopened his bankruptcy case on July 30, 1993, requesting that this Court issue an order for contempt and sanctions against the Commission for allegedly violating the permanent injunction contained in Section 524 of the Bankruptcy Code,[1] which enjoins continuation of judicial proceedings against the debtor after the discharge order is entered. Bingham maintained that because he had listed the Commission as a creditor in his schedules, and because the Commission failed to file a proof of claim in his case, their claim was discharged.

Bingham contends that the Commission was required to file an adversary proceeding seeking a determination of the dischargeability of the debt with the Bankruptcy Court before the discharge order was entered, and since they did not do so, their claim was discharged by order of this Court. The Commission responds that because their claim was an exception to discharge under Section 523(a)(7), it was not subject to the Discharge Order issued by this Court because the Bankruptcy Court and non-bankruptcy forums have concurrent jurisdiction to determine those exceptions to discharge contained in Section 523 other than sub-sections (2), (4) or (6). The Commission further asserts that the Default Judgment obtained in the State Action is determinative of the dischargeability issue in question.

### III.

### DISCUSSION

#### A.

■ Whether a determination of the dischargeability of a debt under Section 523(a)(7) must be sought in the Bankruptcy Court before the debtor receives a discharge is a question of first impression in the Fifth Circuit. We hold as follows: 1) the dis-

---

1. All further references to code sections refer to the Bankruptcy Code unless otherwise stated.

chargeability determination does not need to be initiated before the order of discharge is entered, and 2) while the Bankruptcy Court has concurrent jurisdiction with non-bankruptcy forums to determine the dischargeability of a claim falling under Section 523(a)(7), a determination must be sought in one of those forums which specifically addresses the issue of dischargeability under the Federal Bankruptcy laws.

**B.**

Section 523(a)(7) excepts from discharge a debt which is a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ..." 11 U.S.C. § 523(a)(7). The administrative fine assessed by the Railroad Commission against Bingham appears to be the same type of penalty which Section 523(a)(7) was meant to address.

**C.**

Bingham cites a case out of the Eastern District of Texas for the proposition that "[i]n all cases under § 523 the exception [to discharge] will be ordered only after the initiation and successful prosecution of an adversary proceeding." *In re Artzt,* 145 B.R. 866, 868 (Bankr.E.D.Tex.1992). However, the main issue in that case actually involved a different avenue for excepting a debt, i.e., by the debtor executing a reaffirmation agreement. *Id.* It is the opinion of this Court that the above quoted language is dicta in the case and therefore not controlling in the case at hand.

**D.**

There exists only a handful of cases which discuss whether an adversary proceeding seeking a determination of the dischargeability of a debt under Section 523 has to be initiated before the discharge order is entered. *See e.g., Grynberg v. United States (In re Grynberg),* 142 B.R. 415 (D.Colo.1991) *aff'd,* 986 F.2d 367 (10th Cir.) *cert. denied,* — U.S. —, 114 S.Ct. 57, 126 L.Ed.2d 27 (1993); *In re Banks–Davis,* 148 B.R. 810 (Bankr.E.D.Va.1992); *In re Ganous,* 138 B.R. 110 (Bankr.S.D.Fla.1992);

*Fernandez v. Internal Revenue Service (In re Fernandez),* 112 B.R. 888 · (Bankr. N.D.Ohio 1990); *In re Galbreath,* 83 B.R. 549 (Bankr.S.D.Ill.1988). The Court finds these opinions to contain sound reasoning and thus chooses to follow their *rationale* in this case.

Section 727 grants an individual debtor in a Chapter 7 case a discharge of all personal liability for all debts which arose before the date the order for relief was filed, except those debts listed in Section 523. 11 U.S.C. § 727(b) (1993). If the debts are listed in sub-sections (2), (4) or (6) of Section 523, the Bankruptcy Court has exclusive jurisdiction to decide the issue of dischargeability. 11 U.S.C. § 523(c) (1993); *Grossie v. Sam (In re Sam),* 894 F.2d 778, 780 (5th Cir.1990). The debts listed in sub-sections (2), (4) and (6) include those procured by fraud, embezzlement, larceny or defalcation while acting in a fiduciary capacity, and those debts resulting from the debtor's willful and malicious injury to the creditor's person or property. 11 U.S.C. § 523(a)(2), (4), (6) (1993). Pursuant to Federal Bankruptcy Rule 4007(c), either the debtor or creditor must initiate an adversary proceeding with the Bankruptcy Court to determine dischargeability under Section 523(a)(2), (4) or (6), or the debt will be discharged. Fed. Bankr.R. 4007(c) (complaint to determine dischargeability of debt must be filed within sixty days of first creditor's meeting); *Bank of Louisiana v. Bercier (In re Bercier),* 934 F.2d 689, 692–93 (5th Cir.1991); *In re Sam,* 894 F.2d at 780; *Haga v. Nat'l Union Fire Insurance Co. of Pittsburgh (In re Haga),* 131 B.R. 320, 326 (Bankr.W.D.Tex.1991).

If the debt is one arising under a sub-section other than (2), (4) or (6), however, a complaint to determine the dischargeability of that debt may be filed at *any* time, even after the case has been closed. Fed. Bankr.R. 4007(b) (1993); *see In re Grynberg,* 142 B.R. at 419 (creditor may wait until conclusion of bankruptcy case and bring suit in appropriate non-bankruptcy forum to determine dischargeability of taxes under 523(a)(1)); *In re Fernandez,* 112 B.R. at 891–92 (creditor properly exercises discretion when choosing not to file complaint to deter-

mine dischargeability of debt under Section 523(a)(1) until after discharge order is entered). Furthermore, jurisdiction does not lie exclusively with the Bankruptcy Court. Rather, the Bankruptcy Court has concurrent jurisdiction with non-bankruptcy forums to determine the issue of dischargeability. Fed.Bankr.R. 4007 (Advisory Committee Note); *In re Banks–Davis,* 148 B.R. at 813; Collier's on Bankruptcy § 523.13[9] at 523-100 (15th Ed.1993). Accordingly, a creditor holding a claim which is predicated upon a sub-section other than sub-sections (2), (4) or (6) can prosecute the action either by filing an adversary proceeding with the Bankruptcy Court or bringing suit in a non-bankruptcy forum to determine dischargeability. *See In re Galbreath,* 83 B.R. at 551–52 (stating that once state court enters judgment on issue of dischargeability, Bankruptcy Court will give that judgment full faith and credit).

Simply obtaining a judgment in a non-bankruptcy forum that the debt is a governmental fine owed by the debtor is not the equivalent of determining that the debt is not dischargeable. *In re Ganous,* 138 B.R. at 111. The proper procedure is to obtain a judicial determination specifically holding that the debt is non-dischargeable under the Federal bankruptcy laws. *Id.*

### E.

Therefore, this Court finds and concludes that the Commission was not required to file an adversary proceeding prior to Bingham's discharge in order to determine whether its claim was dischargeable. Accordingly, the Motion for Contempt and Sanctions filed against the Commission is **DENIED.**

However, since the Attorney General did not seek a determination of dischargeability with the State Court, the issue of dischargeability has yet to be disposed of by any Court. Although the debt sought by the Commission facially fits within the definition contained within Section 523(a)(7), the Court declines to determine the issue of dischargeability until the procedures contained in Rule 7001 *et seq.* are followed.